IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 1:17-cv-00732 |
| THE UNIVERSITY OF TEXAS AT AUSTIN; DR. GREGORY FENVES, *individually and in his official capacity*, | § § § § § § | |
| Defendants. | § | |

## STIPULATION OF UNDISPUTED FACTS

1. On May 17, 2016, Jane Roe reported that John Doe sexually assaulted her on April 15, 2016. Jane reported that both Jane and John were intoxicated.

2. On May 19, 2016, Title IX investigators Dean Kruse and Corey James Benson emailed a summons to John Doe for a scheduled meeting on May 31, 2016. Attached to the email were the forms *What to Expect as a Respondent During the Title IX Investigation Process* and *Role of an Advisor*.

3. The Title IX investigators met over the phone with John Doe on May 31, 2016. They explained the Title IX investigation process. John Doe signed the form *What to Expect as a Respondent During the Title IX Investigation Process*. John provided his version of the events with Jane Doe. During the meeting with John Doe, the investigators took notes of John's version of the events. The investigators provided John with a copy of the notes and John had the opportunity to make any edits and return them by June 7, 2016. John signed the notes and acknowledged the accuracy of the notes on June 1, 2016. The notes are

1

attached as Appendix 6 to the September 29, 2016 Investigation Report.  *See* Dkt. 17.1.

4. John was provided a copy of the *Notice of Complaint*.  John signed the *Notice of Complaint* on June 1, 2016.  This signed copy of the *Notice* is Appendix 7 to the September 29, 2016 Investigation Report. *See* Dkt. 17.1.

5. The investigators met with John Doe again on June 7, 2016.  The investigators provided notes from the meeting so that John Doe could ensure they were accurate.  John Doe acknowledged they were accurate.  The notes are attached as Appendix 13 to the September 29, 2016 Investigation Report. *See* Dkt. 17.1.

6. The investigators met with Jane Roe, the complainant, to obtain her version of the events, on May 23, 2016 and June 7, 2016.  The investigators provided notes from the meeting so that Jane Roe could ensure they were accurate and any changes are noted on the notes.  The notes from those meetings are attached as Appendix 3 and 12 to the September 29, 2016 Investigation Report, respectively. *See* Dkt. 17.1.

7. The investigators interviewed W1 over the phone on May 31, 2016 and emailed to confirm the accuracy of the notes the investigators took.  The notes are attached as Appendix 5 to the September 29, 2016 Investigation Report. *See* Dkt. 17.1.

8. The investigators met with W2 and conducted an interview on June 2, 2016. The investigators provided notes from the meeting so that W2 could ensure they were accurate.  The notes are attached as Appendix 10 to the September 29, 2016 Investigation Report. *See* Dkt. 17.1.

9. The matter was referred to UT's office of Student Conduct and Academic Integrity.

10. After being asked to schedule a meeting with a Student Conduct and Academic Integrity Officer, on November 21, 2016, John Doe scheduled a meeting to take place on December 1, 2016 with Kia Hill, a Student Conduct and Academic Integrity officer.

11. On December 1, 2016, John Doe attended the meeting with Kia Hill. He had counsel present, Mr. Brian Roark. Ms. Hill provided *What to Expect from a Meeting with Student Conduct and Academic Integrity* and explained the process. Doe had an additional opportunity to discuss the incident regarding Jane Doe but chose not to do so. He was presented with an Administrative Disposition form that explained his options for resolution, including accepting the finding of a violation or challenging that finding. John Doe chose to challenge the finding by having his case resolved with a hearing.

12. By at least January 18, 2017, John Doe had been given several potential dates for a hearing and agreed to and was given notice that the hearing would be on February 3, 2017. John Doe had notice that Conrad Fjetland would be the hearing officer and Doe had an opportunity to object on any alleged lack of fairness or objectivity. Doe was also told who the witnesses could be, including Jane Roe, W1, W2, the investigators, and John Doe. He was also told what documents may be used as evidence against him. UT made available, and he accessed, copies of those documents on January 27, 2017 and afterwards. UT does not provide any mechanism for a Respondent to compel a witness to appear or request that one appear.

13. On February 3, 2017, John Doe had a hearing before Conrad Fjetland. Mr. Roark, Mr. Doe's advisor and attorney, was present. At the hearing, Doe was able to present evidence, cross-examine witnesses (including Jane Roe (through the hearing officer)), testify, and make opening and closing statements.

14. On February 27, 2017, Conrad Fjetland issued his determination letter. The letter concluded that the evidence failed to support that John Doe had violated the university's policies as alleged.

15. On March 13, 2017, Jane Roe appealed the hearing officer's decision. John Doe was provided a copy of appeal letter and given the opportunity to respond by March 23, 2017. He wrote a response letter dated March 23, 2017.

16. The Dean of Students' Office responded to the appeal and asked the President to overturn Fjetland's decision.

17. In the appeal notice letter, Mr. Doe was informed that 1) President Fenves will make the decision; 2) No new information related to the original matter will be considered; 3) oral argument will not be considered; 4) President Fenves has the authority to approve, reject, or modify the decision made by the Hearing Officer; and 5) The President's decision is final.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        BRANTLEY STARR
        Deputy First Assistant Attorney General

        JAMES E. DAVIS
        Deputy Attorney General for Civil Litigation

        ANGELA V. COLMENERO
        Chief, General Litigation Division

*/s/ Sean Flammer*
SEAN FLAMMER – Lead Counsel
Assistant Attorney General
Texas Bar No. 24059754
H. CARL MYERS
Assistant Attorney General
Texas Bar No. 24046502
CHRISTINE SMITH
Assistant Attorney General
Texas Bar No. 24088432
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Christine.smith@oag.texas.gov
Sean.flammer@oag.texas.gov
Carl.myers@oag.texas.gov
(512) 463-2120 PHONE
(512) 320-0667 FAX
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel, Brian Roark, on November 9-10 and again on November 13-14, 2017 about the foregoing and that each party has agreed to the above stipulated facts.

*/s/ Sean Flammer*
SEAN FLAMMER

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2017, a true and correct copy of the foregoing document was served via the Court's CM/ECT system to all counsel of record.

Brian Roark
Botsford & Roark
1307 West Avenue
Austin, TX  78701
512-476-1900
brian@brianroark.com
ATTORNEY FOR PLAINTIFF

*/s/ Sean Flammer*
SEAN FLAMMER