IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv- |
| | § | 00732 |
| THE UNIVERSITY OF TEXAS AT | § | |
| AUSTIN; DR. GREGORY | § | |
| FENVES, *individually and in his* | § | |
| *official capacity*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' NOTICE OF LACK OF SUBJECT-MATTER JURISDICTION GIVEN CHANGE OF FACTS**

The purpose of this *Notice* is to advise the Court of recent factual developments that deprive this Court of subject-matter jurisdiction over claims seeking injunctive relief.  Accordingly, Plaintiff's requested preliminary injunction hearing currently set for November 27 is now moot, as are his procedural and substantive due-process claims asserted against President Fenves in his official capacity.

I.   **Background and change of facts.**

This case is brought by John Doe, a student who was suspended for violating UT's sexual misconduct policy.  Based on his Section 1983 claims

1

against President Fenves, in his official capacity,[1] Doe seeks injunctive relief that the Court "[re[s]train and enjoin the Defendants from enforcing a suspension against him, restrain and enjoin the Defendants from continuing to adjudicate Title IX appeals through the Office of the President, and award John such other relief at law or in equity to which he may be entitled." Dkt. 27, p. 25.

Doe received a disciplinary hearing and won. He complains his due-process rights were violated when the university adjudicated the appeal filed by Doe's accuser and reversed the hearing officer's decision. Doe claims that he will be irreparably harmed if he is not allowed back in school. He asks this Court to order that UT lift the sanction against him.

The parties' discussions have been unfruitful in resolving this matter. President Fenves and UT take due process seriously and believe UT's process is fair. Nonetheless, to avoid this litigation's disruption to the university, UT has reinstated John Doe as a student, lifted his suspension, and will route the appeal to a third-party other than President Fenves for adjudication. Thus, Doe's status as a student is the same as it was before the university

---

[1] Doe also seeks injunctive relief based on Texas Constitutional claims but for the reasons explained in Defendants' Motion to Dismiss, which Plaintiff conceded are correct, these claims should be dismissed and this Court lacks jurisdiction over those claims based on the Eleventh Amendment.

issued the appellate decision that resulted in Doe's suspension. He may register for classes for the Spring semester. *See* **Exhibit 1**.

## II. This Court now lacks subject-matter jurisdiction over Doe's procedural and substantive due-process claims against Fenves in his official capacity.

Because Doe is no longer suspended, his request for an injunction is now moot. The only basis Doe pleads for injunctive relief is his alleged due-process claims under section 1983. In his Complaint, he does not articulate against whom these claims are asserted. Doe already conceded that his 1983 claims against the University are improper and should be dismissed. Dkt. 34, p. 1. Additionally, the Court cannot grant injunctive relief based on Doe's claims against Fenves in his *individual capacity* because Fenves in his individual capacity does not have the ability to lift a sanction. *See* Dkt. 32, p. 5-6 (citing cases and discussing why injunctive relief sought against Fenves in his individual capacity is improper, including *Anderson v. Texas Parks and Wildlife Dept.*, 2014 WL 11281086, at *4 & n.14 (N.D. Tex. 2014), *aff'd*, 605 Fed. Appx. 339 (5 Cir. 2015) (unpublished) (dismissing claims for injunctive relief brought against state official in individual capacity)). Because the Section 1983 claims cannot exist against the University, the only claims that could provide a theoretical basis for injunctive relief are those against Fenves in his official capacity. Dkt. 31, p. 2-3. The only remedy available for claims against state officials in their official capacity is prospective injunctive relief.

3

*Saltz v. Tennessee Dept. of Employment Sec.*, 976 F.2d. 966, 968 (5th Cir. 1992) (explaining *Ex Parte Young*).

Here, the specific claims seeking prospective injunctive relief are due-process claims. The "remedy for a denial of due-process is more process." *University of Texas Medical School at Houston v. Than*, 901 S.W.2d 926, 933 (Tex. 1995) (equating Texas and Federal due-process law and citing *Perry v. Sindermann*, 408 U.S. 593, 603 (1973)). The university has now withdrawn the suspension and will provide Doe with more process. **Exhibit 1.** Accordingly, there is no justiciable controversy related to the claims seeking injunctive relief. Doe's due-process claims against Fenves in his official capacity are now moot. He will receive additional process, and additional process is all that this Court can grant.

### III. <u>Doe lacks standing to assert his additional injunctive claims, and any claim about the additional process he will receive is not ripe.</u>

In addition to lifting his suspension, Doe asks that the Court "restrain and enjoin the Defendants from continuing to adjudicate Title IX appeals through the Office of the President." But Doe lacks standing to dictate how a university adjudicates appeals. And he fails to explain how this will redress any injury particular to him. Further, to the extent Doe seeks a mandatory injunction to dictate how his future appeal will be handled, that seeks an advisory opinion from this Court that is beyond its jurisdiction. He has not

suffered any injury associated with how the university may handle his appeal in the future because the appeal has not yet been adjudicated. Indeed, he may win on appeal. Thus, such a claim is not ripe.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. The reason for a case-or-controversy limitation is to restrain the federal courts from enmeshing themselves in deciding abstract and advisory questions of law. Accordingly, any federal court plaintiff must have case-or-controversy "standing" to assert a claim—specifically, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (some internal quotation marks omitted)). Courts have also developed justiciability doctrines, such as ripeness. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir.1989); *see also Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

To establish standing, a party must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct of which the party complains; and (3) that it is likely, as opposed to merely speculative, that a favorable decision will redress the injury. *Lujan*, 504 U.S. at 560–61. The first requirement—that a plaintiff have sustained an injury-in-fact—"helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.'" *Susan B. Anthony List,* 134 S.Ct. at 2341 (citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975) (internal quotation marks omitted)). An injury-in-fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (some internal quotation marks and citations omitted).

Standing can be based on either actual or imminent harm. *Pharmacy Buying Ass'n, Inc. v. Sebelius*, 906 F. Supp. 2d 604, 617-18 (W.D. Tex. Oct. 29, 2012) (internal citations omitted). But, as the Fifth Circuit has reiterated, a plaintiff may seek injunctive relief with respect to threatened harm only if he "shows a sufficiently high degree of likelihood" that he will be injured. *Frame v. City of Arlington,* 657 F.3d 215, 235 (5th Cir. 2011). Plaintiff here bears the burden of establishing standing. *Susan B. Anthony List,* 134 S.Ct. at 2342.

Here, Doe asks the Court to "restrain and enjoin the Defendants from continuing to adjudicate Title IX appeals through the Office of the President." In this case, Doe's appeal will not be handled by the President. Therefore, he fails to meet any of the three elements of standing. He has not suffered an

6

injury in fact arising from the upcoming appeal determination, and such an injury is not imminent. Moreover, there is no causal connection between any injury and the President handling appeals because the President will not handle Doe's appeal. Last, any decision by this Court will not redress any alleged injury by Doe. *See Lujan*, 504 U.S. at 560–61.

Moreover, any claim by Doe that the UT disciplinary appeal process will violate his due-process rights is not ripe.[2] The Supreme Court has indicated that courts should not entangle themselves in abstract disagreements about administrative policies and practices. The Court wrote:

> "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."

---

[2] From the briefing on the Motion to Dismiss, it appears Plaintiff contends UT violates due-process on appeals because the appellate decision-maker conducts what Plaintiff refers to as a "de novo" review instead of limiting the contours of appellate review. This issue is discussed at length in Plaintiff's Response to Defendants' Motion to Dismiss and Defendants' Reply. Since that briefing, Defendants have found additional authority that demonstrates the weakness in Doe's argument. *See Doe v. Baum*, 227 F.Supp.3d 784, 797-798 (E.D. Mich. 2017).

In *Baum*, the male accused student won at the investigative stage but lost on appeal. He contended that on the appeal the university applied a "de novo" standard that deprived him of due process. The court rejected that argument and concluded that the university did not violate his due-process rights even where the university policy did not allow for a de-novo review. *Id.*

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (citation omitted).

Here, Doe has not yet gone through the new appeal. Thus, he has suffered no injury. In the absence of any tangible legal injury for Plaintiff to allege, Doe's claims are not ripe for adjudication. Indeed, Doe may win on appeal.

Importantly, the contention that Doe may win on appeal is not just theoretical. In fact, two years ago counsel for Plaintiff represented two male UT students accused of violating UT's sexual misconduct policy and sought to obtain an injunction in Travis County District Court to change the hearing process the students would undergo. Undersigned counsel for Defendant argued to that Court that the issue was not ripe because the students had not yet suffered an injury. The Court agreed and dismissed the cases. The male students ultimately won their hearings and were not found responsible for sexual misconduct.

## IV. Conclusion

The bottom line is that President Fenves and UT have decided to allow Doe to obtain a new appellate decision determined by a third-party other than President Fenves—mooting the only due-process claims that could even theoretically entitle Doe to injunctive relief. Thus, the Court lacks jurisdiction over those due-process claims. The hearing set for November 27

is now unnecessary. The only claims left in this lawsuit that have not been abandoned or mooted are the Title IX claims against UT and the due-process claims against President Fenves in his individual capacity. Both UT and President Fenves in his individual capacity briefed these issues in their Motions to Dismiss and they are ripe for this Court.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

                                          */s/ Sean Flammer*
SEAN FLAMMER – Lead Counsel
Assistant Attorney General
Texas Bar No. 24059754
H. CARL MYERS
Assistant Attorney General
Texas Bar No. 24046502
CHRISTINE SMITH
Assistant Attorney General
Texas Bar No. 24088432
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Christine.smith@oag.texas.gov
Sean.flammer@oag.texas.gov
Carl.myers@oag.texas.gov
(512) 463-2120 PHONE
(512) 320-0667 FAX
**COUNSEL FOR DEFENDANTS UT AND FENVES IN HIS OFFICIAL CAPACITY**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2017 a true and correct copy of the foregoing document was served via the Court's CM/ECT system to the below-listed counsel of record:

Brian Roark
Botsford & Roark
1307 West Avenue
Austin, TX  78701
512-476-1900
brian@brianroark.com
ATTORNEY FOR PLAINTIFF

                                          */s/ Sean Flammer*
SEAN FLAMMER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv-00732 |
| | § | |
| THE UNIVERSITY OF TEXAS AT | § | |
| AUSTIN; DR. GREGORY FENVES, | § | |
| *individually and in his official* | § | |
| *capacity*, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT 1



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

SEAN FLAMMER                                    PHONE: (512) 463-2120
Assistant Attorney General                          FAX: (512) 320-0667
General Litigation Division              EMAIL: sean.flammer@oag.texas.gov


November 20, 2017


Brian Roark
Botsford & Roark
1307 West Avenue
Austin, TX 78701
Via Email: brian@brianroark.com

Dear Brian,

    John Doe's lawsuit alleges that UT's system of adjudicating student disciplinary appeals is biased.  UT is confident that everything occurred properly in the appeal.  President Fenves reviewed the file, including the hearing transcript, the hearing officer's determination, the investigation file, and John Doe's response to the appeal.  President Fenves based his decision solely on the merits of this case.

    Nonetheless, the university, after consultation with President Fenves, believes the best path forward is to avoid the continued disruption to the university and its processes created by ongoing litigation.  Accordingly, in the coming weeks, UT will arrange for a third-party other than President Fenves to review the appellate record and make a final decision on Jane Doe's appeal.

    In the interim, John Doe's suspension has been lifted, and the bar to his registration is being lifted.  All notations on his record/transcript of the suspension are being deleted. His status as a student is the same as it was the day before the appellate decision was made.

    Please let me know if you have any questions.

Sincerely,

***/s/ Sean Flammer***
Sean Flammer