## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

JOHN DOE

     Plaintiff;

    vs.

THE UNIVERSITY OF
TEXAS AT AUSTIN;
DR. GREGORY FENVES,
*individually and in his official capacity,*

     Defendants.

Civil Action No.: 1:17-cv-00732-SS

### PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's official capacity claims against President Fenves should not be dismissed for lack of subject matter jurisdiction. The hearing on the matter of Plaintiff's Motion for Preliminary Injunction is not moot, the hearing should take place, and Plaintiff's request for a preliminary injunction against President Fenves in his official capacity should be granted.

## I.     Factual Summary

At 11:45 AM, a week before the scheduled preliminary injunction hearing in this case, counsel for John Doe, was sent a letter informing John that his suspension from the

1

University had been lifted, and that the University would be re-appealing the outcome of the original live hearing that took place through an unnamed third party.

This letter was not sent as a part of any agreement with Plaintiff. Defendants do not address, and their actions do not remedy: 1. John Doe clearing his name; 2. the suspension that was enforced this past semester; and 3. the fact that a de novo review of a live hearing creates a procedural due process violation in this case. Defendant's action has only addressed half of the procedural problems with the University's appellate process. The President being solely responsible for the appeal outcome created a host of problems on its own, but the fact that UT permits a de novo review of a live hearing is what enables the problems to come to fruition in the first place. If the scope of an appeal is limited by traditional standards, then it matters less who the person conducting the appeal is.

The letter Defendants sent to Plaintiff specified no rules or procedures for how the appeal would be handled. It did not specify a date or time when the appeal would be considered, nor did it specify whether or not John will have a right to participate in the new appeal process, or whether the decision would be appealed on the basis of the record that already exists.

The letter does not specify whether there will be a particular scope of review that will limit whomever will be chosen by the University to consider the appeal. The letter therefore implies that there will be no limitation to the scope of review, and that the

University intends to re-appeal the outcome of John's hearing for a second time under an unlimited, or de novo, scope of review.

Defendants simultaneously filed a Notice of Lack of Subject Matter Jurisdiction, arguing that because John's suspension had been lifted, the only live claims that remain are Plaintiff's Title IX claims against UT, and Plaintiff's due process claims against President Fenves in his individual capacity.

Plaintiff's due process claims against President Fenves in his official capacity should not be dismissed however, because Defendants have lifted John's suspension only to put him through an appeal process with the same problems for a second time. As such Plaintiff's Motion for Preliminary Injunction is not moot.

## II.    Argument

Plaintiff's official capacity due process claims against President Fenves should not be dismissed. Defendants suddenly reversing John's suspension does not invalidate Johns standing or the ripeness of his claims. John Doe continues to be injured by Defendants ongoing procedural and substantive due process violations.

### 1. **Procedural Due Process**

*a.  Justiciability*

John continues to be denied procedural due process. The University has decided to provide themselves another do-over appeal of the outcome of John's live due process hearing, with no limitations to the scope of appeal, or any new written procedures at all,

and apparently in violation of the written procedures they currently do have. Dkt. 41, *Defendant's Notice*, Exhibit 1.  ("Accordingly, in the coming weeks, UT will arrange for a third-party other than President Fenves to review the appellate record and make a final decision on Jane Doe's appeal.) Based on this letter though, UT's appeal procedures seem as though they will generally stay the same, but they will give John a one off third-party appeal in an attempt to get out of this hearing.

An appeal of a live hearing with an unlimited scope of review is a violation of Plaintiff's due process rights. *See Plummer v. Houston*, 860 F.3d 767 (5th Cir. 2017) (The procedure would not survive the balancing analysis applied in *Plummer*.) It is a violation because an unlimited, or de novo review of John's hearing, where there was witness testimony and cross-examination, and where critical credibility findings formed the basis of the outcome, creates unjustifiable risks of error. (i.e. risks of error that fail the requisite due process balancing analysis under *Plummer*, *Mathews*, and others). *Id.*

Defendants Motion to Dismiss is premised largely on the idea that Plaintiff no longer has standing and/or that the claim is no longer ripe. The reasoning goes the same for both: there is no longer any injury because John is no longer suspended. John's right to procedural due process, however has already be violated in the President's original appeal, and it will imminently be violated again on another de novo appeal. Regardless of the current status of John's suspension, the right to procedural due process is absolute and it is actionable even without actual injury. *Carey v. Piphus*, 435 U.S. 247, 266 (1978).

Plaintiff's request for an injunction is also not moot. Plaintiff continues to be injured by an ongoing constitutional violation: the denial of his procedural due process in University's original appeal, and in the now imminent second appeal. The remedy that Plaintiff seeks for these ongoing violations is prospective injunctive relief. The President and the University should be enjoined from reversing the outcome of a live hearing that took place in this case through a de novo appeal.

Injunctive relief of this kind is not advisory. The University of Texas had rules for adjudicating Title IX appeals, they followed those rules, and reversed the outcome of John's hearing after a de novo review. That process violated John's right to procedural due process and caused injuries to him. Now John is seeking an injunction to prevent the Defendants from injuring him the same way twice. He is seeking a ruling on the legality of the process that was already applied to him, not open ended advice on how every element of the University's appeal process should be organized.

   *b.  Viability*

Moreover, Plaintiff is not asking the court to require the Defendants create from whole cloth an untested appeal procedure. Examples of appropriate standards of review such as this are abundant in University disciplinary procedures. *See* Will Clark, Presidential Power, The Daily Texan (available at https://thedailytexan.atavist.com/presidentialpower) (Including a spreadsheet listing 70 University's appellate officer and a link to the policy). An appropriate standard of review was also recommended by the Office of Civil Rights. U.S. Department of Education,

Questions and Answers on Title IX and Sexual Violence (available at

https://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf) ("While Title IX

does not require that a school provide an appeals process, OCR does recommend that the

school do so where procedural error or previously unavailable relevant evidence could

significantly impact the outcome of a case or where a sanction is substantially

disproportionate to the findings). Plaintiff is ultimately just asking that the court enjoin

the University from continuing their idiosyncratic and error prone appeal process, and to

fall in line with the overwhelming majority of other American Universities.

The prevailing procedural due process case law also supports the assertion that the

Defendants violated John's rights with their first de novo appeal, and that they will

continue to violate John's right to procedural due process by requiring that he undergo

another de novo appeal. UT's appeal process is unique, so no other court has had

occasion to consider the legality of a de novo appeal following a live hearing on a sexual

assault disciplinary case, because no other schools adjudicate appeals this way.[1]

However, a limited appeal is required on these facts under the proper balancing analysis.

*See Plummer.*

A de novo review following a live hearing with witnesses, cross-examination, and

credibility issues strips away the due process that the hearing itself provides, and leaves

---

[1] *Doe v. Baum*, cited by Defendants, likewise does not consider the issue of a de novo appeal reversing the outcome of a live hearing in a sexual assault case. The court in *Baum* considered whether the University committed a procedural due process violation by failing to follow their own rules which proscribed a limited scope of appeal (clearly erroneous) following the outcome of a Title IX investigation (not hearing). The only reasoning offered by the *Baum* court was that a University violating its own rules does not, in and of itself, constitute a due process violation.

behind nothing but a façade. A school must do more than pay lip-service to due process. All a hearing can do is pay lip-service though, if that hearing can be reversed through an unlimited scope of review on appeal.

John's official capacity claims against President Fenves should not be dismissed because they are justiciable and viable. The hearing on the matter of Plaintiff's preliminary injunction is not moot for that reason, and because Plaintiff continues to be injured by the Defendant's ongoing procedural due process violations against him.

### III.   Substantive Due Process

*a. Justiciability*

John has alleged that the University and the President's action in this case were a gross violation of fundamental tenants of fairness, and that they amount to arbitrary government action rising to the level of a substantive due process violation. John has suffered, and will continue to suffer, from injuries as a result of these actions. John loses time and opportunity while these disciplinary proceedings drag on in the face of what should be indisputable exonerating evidence under any reasonable analysis.

*b. Viability*

The Defendants conduct in unilaterally reinstating John after all this time adds to the viability of John's substantive due process claims. The University and the President acted suddenly and haphazardly to reverse John's suspension in order to avoid the President Fenves being required to testify under oath about the legality of the procedures

and their actions. The University's action comes a week before President Fenves would have been required to testify under oath a live and public hearing, but after forcing John to waste the entire fall semester while this case was being litigated. This delay causing him actual harm in lost wages and lost tuition, as well irreparable harm in the form of a delay in his education.

The school's new decision does not restore his name or his innocence that was pronounced in the original hearing. The only thing this action does is potentially prevent Fenves from testifying. If the Defendants were so willing to abandon their policies, then why fight this long to begin with, and why do something in the first place that you're not willing to defend in court. The only reasonable explanation of the Defendants sudden restoration of John's enrollment is to prevent Fenves from testifying.

This conduct suggests either an implicit admission of wrongdoing, without the actual apology, or just more evidence of a cover-up of the due process façade that Plaintiff has alleged this was all along. Defendant's fear of a possible public revelation of the process which allowed the Plaintiff to be suspended originally has finally overcome their hubris. If UT is willing to let someone they supposedly believe to be a rapist on campus again, immediately, then what does that say about their motivations to avoid a hearing? This scenario overall provides, perhaps unwittingly, the strongest evidence that a hearing is really necessary.

As a result of the new appeal procedures presenting the same problems over again, the University's decision to reverse John's suspension this late in the process in some

sense will only serve to make his situation worse. Through this new action, the University is telling John that in order to clear his name he must: pay tuition, register for classes, and then start taking classes, all while at the same time spending additional time and resources going through another de novo review of the outcome of his hearing.

The underlying issues have not yet been decided and there's still an unreasonable danger/likelihood of harm coming to the client. If UT is allowed to avoid this hearing with this stunt, then they could get through the registration deadline and then some unnamed third party could "re-reverse" Fjetland's Decision to suspend John. There would be no remedy other than an emergency hearing that we could instead just hear on Monday. We'd then be asking the third party the same questions as Fenves because it's the same principle involved. The harm that's already taken place is no one's fault but UT's and Fenves. This action does not remedy that situation. Only Fenves testifying can do that. President Fenves's answers to questions under oath will prove that the Defendants procedures violate due process, regardless of who considers the appeal.

A new appeal is what John is asking for, but only if the procedures that govern the new appeal are fair. The school has only indicated though that it will "route" a new appeal regarding John's case to some unnamed third party. The school makes no reference to what the procedures or rules will be for this second appeal. Ostensibly, as the letter does not indicate a limitation on the scope of appeal, Defendants will again be considering the appeal of the hearing decision on a de novo, or unlimited basis. The Defendants are contending that this means "[t]he university… will provide Doe with

more process. *Defendant's Notice* at *4. However, providing a process with the same problems twice is not more process. More defective process does not equal due process.

This conduct continues to constitute arbitrary and unreasonable deprivation of rights by the University and the President. This is particularly true in the context of the facts of this case: where the Complainant testified twice that John asked her if she wanted to have sex and she said yes; and where the Complainants level of intoxication was documented by photographs that showed she had capacity at the points of the night where she should have been the most intoxicated. But for using an absurd definition of the term incapacitation, John never should have been found responsible for sexual assault resulting from this conduct.

Continuing to burden John with this disciplinary process, and furthermore now going beyond their own rulebook to try and re-appeal the outcome of John's hearing, continues to cause injuries to John. His future will continue to be put on hold while the University tries again to reverse the hearing with a de novo appeal.

This ongoing substantive due process violation can be remedied by prospective injunctive relief. The University and the President can be ordered to appeal the outcome of John's hearing through fair procedures such as those recommended by the Office of Civil Rights, or to not appeal it at all.

Respectfully Submitted,

/s/ Brian Roark

Brian Roark

SBN: 00794536
Botsford & Roark
1307 West Avenue
Austin, Texas 78701
Telephone: (512) 476 – 1900
Fax: (512) 479 – 8040
brian@brianroark.com

ATTORNEY FOR JOHN DOE

## Certificate of Service

I certify that on November 21, 2017, the foregoing document was served was filed and served via the Court's CM/ECF document filing system, which provided a copy to counsel for Defendants.

| | |
|---|---|
| Sean Flammer | Shannon H. Ratliff |
| Christine Smith | Lisa A Paulson |
| H. Carl Myers | Davis, Gerald & Cremer, P.C. |
| Office of the Attorney General | 600 Congress Avenue, |
| 300 W 15th Street | Suite 3100 |
| Austin, TX 78701 | Austin, Texas 78701 |
| (512) 463-2120 | 512-493-9600 |
| Sean.flammer@oag.texas.gov | shratliff@dgclaw.com |
| Christine.smith@oag.texas.gov | lapaulson@dcglaw.com |
| Carl.mysers@oag.texas.gov | |

*Attorneys for Defendants UT and Gregory Fenves, in his official capacity*

*Attorneys for Defendant Gregory Fenves, in his individual capacity*

/s/Brian Roark
Brian Roark