# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv- |
| | § | 00732 |
| THE UNIVERSITY OF TEXAS AT | § | |
| AUSTIN; DR. GREGORY | § | |
| FENVES, *individually and in his* | § | |
| *official capacity*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' EVIDENCE IN OPPOSITION TO ANY PRELIMINARY INJUNCTION SOUGHT

This Court set a preliminary injunction hearing for November 27. Defendants believe this injunction is now moot. *See* Dkt. 41, 45. In the event an evidentiary hearing goes forward, Defendants submit the attached declaration of LaToya Smith to provide background on the process applicable to students accused of sexual misconduct. This Declaration is attached as **Exhibit A**. Ms. Smith is on the witness list but this declaration is provided to streamline any presentation of evidence, to the extent this Court believes evidence is necessary on any fact issue related to due process.

Additionally, in an effort to be as efficient as possible for the Court, the parties stipulated to certain facts. Those stipulated facts were filed in Dkt. 40.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

***/s/ Sean Flammer***
SEAN FLAMMER – Lead Counsel
Assistant Attorney General
Texas Bar No. 24059754
H. CARL MYERS
Assistant Attorney General
Texas Bar No. 24046502
CHRISTINE SMITH
Assistant Attorney General
Texas Bar No. 24088432
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548

Christine.smith@oag.texas.gov
Sean.flammer@oag.texas.gov
Carl.myers@oag.texas.gov
(512) 463-2120 PHONE
(512) 320-0667 FAX
**COUNSEL FOR DEFENDANTS UT
AND FENVES IN HIS OFFICIAL
CAPACITY**

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2017 a true and correct copy of the foregoing document was served via the Court's CM/ECT system to the below-listed counsel of record:

Brian Roark
Botsford & Roark
1307 West Avenue
Austin, TX 78701
512-476-1900
brian@brianroark.com
ATTORNEY FOR PLAINTIFF

*/s/ Sean Flammer*
SEAN FLAMMER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:17-cv-00732 |
| | § | |
| THE UNIVERSITY OF TEXAS AT | § | |
| AUSTIN; DR. GREGORY FENVES, | § | |
| *individually and in his official* | § | |
| *capacity*, | § | |
| | § | |
| Defendants. | § | |

# EXHIBIT A

| | |
|---|---|
| JOHN DOE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 1:17-cv-00732 |
| | § |
| THE UNIVERSITY OF TEXAS AT AUSTIN; DR. | § |
| GREGORY FENVES, *individually and in his* | § |
| *official capacity*, | § |
| | § |
| Defendants. | § |
| | § |

## Declaration of LaToya Smith

I, LaToya Smith, under penalty of perjury, declare as follows:

1. I am over the age of 18 years old, of sound mind, and capable of making this declaration. The matters, facts, and things set forth in this declaration are true and correct to the best of my knowledge.

2. I am the Senior Associate Athletic Director, Student Services at the University of Texas at Austin. I have been employed at the University of Texas at Austin since 2005. In 2012, I was the Associate Dean of Students, where I oversaw Student Judicial Services and Student Emergency Services. In 2011, I became the Title IX deputy. Beginning in September of 2015 until July 2017, I was the Title IX Coordinator. As the Title IX Coordinator, my responsibilities included overseeing all the Title IX investigations conducted on campus. I oversaw Title IX investigations and ensured that the University is in compliance with federal and state regulations.

3. I have a bachelor's degree in Psychology from the University of Texas at Austin, a master's degree in Family Therapy from Texas Tech University, and a Ph.D. in Higher Education Administration from the University of Texas at Austin.

4. I am familiar with the University's Student Discipline and Conduct procedures applicable to the disciplinary proceeding for John Doe. I was involved in the drafting of these procedures. A true and correct copy of the applicable Student Discipline and Conduct procedures are attached as Exhibit 1. A summary of these procedures as applicable to John Doe is below in the section titled "Procedures and Rights."

5. I am familiar with John Doe's case through my work as Title IX Coordinator.

## Procedures and Rights

   a. Stage 1

5. When a complaint is filed by a student the Title IX investigation begins. For purposes of this affidavit, I will call the investigation Stage 1. During this stage, two Title IX investigators, Corey James Benson and Dean Kruse, met with the Complainant (Jane Doe). The investigators transcribed notes from that conversation and asked the Complainant to sign a copy of the notes for accuracy. The investigators also notified the Respondent (John Doe) that he was accused of a violation and advised him of his rights during the investigation and the later stages of the disciplinary process. At this time Respondent was provided with a copy of *What to Expect as a Respondent During the Title IX Investigation Process* and *Role of an Advisor* documents. These are attached as Exhibits 2 and 3, respectively.

6. The investigators requested a meeting with the Respondent. During that meeting, the investigators reviewed with Respondent the Notice of Complaint and No Contact Directive, and the Respondent was provided an opportunity to tell his side of the story. The Respondent was given the opportunity to also provide evidence and name any witnesses. Before the meeting concluded, the Respondent was provided with a copy of the investigator's notes to check for accuracy and make any corrections. Because this meeting was held over the phone these notes were sent to Respondent via email for him to review for accuracy and return to the investigators within the week.

7. During the remainder of Stage 1, the investigators accepted and viewed any evidence submitted by either the Complainant or the Respondent, met with witnesses provided by either party, and took further statements and/or information provided by either the Complainant or the Respondent. In this case both the Complainant and Respondent had a second meeting with the investigators to review the events in question. Both Complainant and Respondent were again given the opportunity to review the investigators' meeting notes. Respondent emailed the investigators and let them know that their notes were accurate.

8. The investigators drafted a report based upon their investigation. The report has findings and conclusions based upon the preponderance of the evidence. Consistent with university policy the investigators sent Respondent a link to the draft redacted copy of the investigation report and informed him that he could provide a written statement regarding the adequacy of the investigation to me by the date given in the email. I did not receive any communication from Respondent regarding the adequacy of the investigation.

9. As part of my role as Title IX Coordinator I met with the Director of Title IX Investigation Unit on a weekly basis to stay informed of the Title IX investigations; if I feel it is important I will also meet with specific Title IX investigators to discuss certain aspects of their investigations. I chose to meet with the investigators in this case.

10. Once the investigators finish their investigation I review their investigation report to verify that it is complete and determine whether I agree with the analysis and conclusions. In this case, on review, I agreed with the analysis and conclusions and determined that it was more likely than not that Respondent had violated policy.

b. Stage 2

11. At Stage 2, the report was shared with Student Conduct and Academic Integrity, headed by Andel Fils-Aime. According to university policy, Mr. Fils-Aime would then assign the case to an Assistant Director for Student Conduct and Academic Integrity. Once assigned to the matter the Assistant Director for Student Conduct and Academic Integrity and Mr. Fils-Aime would decide together whether they agree with the conclusions and findings based upon the evidence, disagree and dismiss/alter the charges, or would send the matter back to the investigators to continue the investigation. I am personally familiar with at least two instances where Student

Conduct and Academic Integrity disagreed with the analysis and dismissed the allegations.

12. According to the policy, when the report was finalized, the Student Conduct officer meets with the Complainant and Respondent separately and tells them the recommended sanction. At this point, the Respondent can request a hearing, accept the finding and the recommended sanction, or accept the findings but appeal the sanction to the President. In this case, the Respondent requested a hearing.

c. Stage 3

13. Under Stage 3, the Respondent had a hearing.

d. Stage 4

14. Under UT's policy, the Complainant, the Respondent, or Student Conduct can appeal the hearing officer's decision to the President. If a Complainant or Respondent appeals, the Student Conduct office may respond to the appeal. The President may "approve, reject, or modify the disciplinary decision or sanction" and may decide that the original hearing be reopened for the presentation of additional evidence and reconsideration. UT's policy related to the appeal is 11-800, attached as Exhibit 4.

15. It is my understanding that in this case, the Complainant appealed, the Respondent responded to that appeal, and the Student Conduct office also responded to the appeal as well.

No Gender Bias

16. The procedures and rights outlined above are gender-neutral. The same policies apply equally to men and women accused of violations of the university's policies, including sexual assault and sexual misconduct violations. In other words, any person accused of sexual assault/sexual misconduct will have the same procedures and rights. I am personally aware of some cases where women were the Respondents in matters dealing with sexual misconduct.

I declare under penalty of perjury that the foregoing is true and correct. This Declaration was executed on the 22nd day of November, 2017.

_LaToya Smith, Senior Associate Athletic Director, Student Services_
The University of Texas at Austin

THE UNIVERSITY OF TEXAS AT AUSTIN

# INSTITUTIONAL RULES
## ON STUDENT SERVICES AND ACTIVITIES
## AND
## INFORMATION ON
## STUDENTS' RIGHTS AND RESPONSIBILITIES

Reprinted from *General Information*
http://catalog.utexas.edu/general-information/appendices

EXHIBIT

1

## Subchapter 10–300. Regulations Applicable to University Property

### Sec. 10–301. Identification

a. Any person will identify himself or herself when asked to do so by an institutional representative while on any property or in any building owned or controlled by the University or The University of Texas System. A person identifies himself or herself by

1. giving his or her name and complete address, substantiated by a current driver's license, voter registration card, or other official documentation; and

2. stating truthfully whether he or she is a student or employee of the University or The University of Texas System.

b. An "institutional representative" is any regent, executive officer, administrative officer, attorney, peace officer, or security officer of the University or the University of Texas System.

c. Any person who refuses to identify himself or herself in accordance with subsection 10–301(a) may be convicted of a misdemeanor as referenced in the Regents' *Rules and Regulations*, Rule 80101.

d. Any student, faculty member, or staff member who refuses to identify himself or herself in accordance with subsection 10–301(a) is subject to University disciplinary action.

### Sec. 10–302. Use of Alcoholic Beverages

The use of alcoholic beverages is prohibited on property and in buildings and facilities owned or controlled by the University or The University of Texas System. However, the chief administrative officer of the University or The University of Texas System may waive this prohibition with respect to any specific event sponsored by the University or The University of Texas System. Meetings or events sponsored by registered faculty, staff, or student organizations are not events sponsored by the University or The University of Texas System. State laws related to alcoholic beverages will be strictly enforced at all times on property controlled by The University of Texas System and its component institutions.

## Subchapter 10–400. Enforcement and Appeals

### Sec. 10–401. Response to Violations

A student who violates a prohibition in this chapter may be disciplined under the procedures in chapter 11 of the *Institutional Rules*. A registered student organization or a sponsored student organization that violates a prohibition in this chapter may be disciplined under chapter 6 of the *Institutional Rules*.

### Sec. 10–402. Appeals

a. A University organization aggrieved by a decision under this chapter may appeal to the appropriate vice president by letter or by e-mail, also sending a copy to the decision maker, within fourteen days after the day the decision is announced. The appeal must contain the University organization's name and mailing address, a concise description of the decision complained of, the University organization's reasons for disagreeing with the decision, and the date the decision was announced.

b. When timely notice of appeal is received, the decision maker will prepare and send to the vice president a copy of the written statement of the reason given for the decision. At the discretion of the vice president, both parties may present oral arguments to an appeal of the decision under this chapter.

c. The action of the vice president will be communicated by letter or by e-mail to the University organization and the decision maker within five days after the appeal and related documents have been received.

### Sec. 10–403. Further Review by Petition

The decision maker or the University organization may petition by letter or by e-mail through the appropriate vice president to the president of the University to review the decision being appealed. The president may establish an ad hoc committee to review the appeal and make recommendations regarding it. The president reviews appeals solely at his or her discretion.

# Chapter 11. Student Discipline and Conduct

## Subchapter 11–100. General Provisions

### Sec. 11–101. Preamble

a. The University's expectations for student conduct are grounded in the University Code of Conduct: "The core values of The University of Texas at Austin are learning, discovery, freedom, leadership, individual opportunity, and responsibility. Each member of the University is expected to uphold these values through integrity, honesty, trust, fairness, and respect toward peers and community." University students are also expected to uphold the Student Honor Code: "As a student of The University of Texas at Austin, I shall abide by the core values of the University and uphold academic integrity." University students are also expected to abide by all city, state, and federal laws and statutes and all regulations of the University and The University of Texas System. However, as a community of scholars, the University expects from its students a higher standard of conduct than that required simply to avoid discipline. The principles of the Student Honor Code together with the University Code of Conduct should govern and direct student conduct to promote a safe environment that is conducive to academic success and to ensure that each University student graduates ready to contribute to society as an ethical citizen.

b. This chapter contains regulations for dealing with alleged student violations of University standards of conduct in a manner consistent with the requirements of procedural due process and in accordance with The University of Texas System Rules and Regulations of the Board of Regents' *Rule: 50101* and the Model Policy for Student Conduct and Discipline promulgated by the Office of General Counsel of The University of Texas System. In addition to the general expectations for conduct set forth in subsection 11–101(a), subchapter 11–400 contains a description of prohibited conduct.

### Sec. 11–102. Application and Jurisdiction

a. This chapter applies to individual students and states the function of students, faculty members and administrative staff members of the University in disciplinary proceedings.

b. A student is subject to discipline for prohibited conduct as outlined in subchapter 11-400 herein that occurs while the student is participating in off-campus activities sponsored by or affiliated with the University, including field trips, internships, rotations, and clinical assignments.

c. Students may be disciplined by the University for violating any standards of conduct on the campus or off of the campus when the incident occurs in connection with an institution-oriented activity, or when the incident has a substantial connection to the interests of the University, or when the behavior is prohibited by University policy regardless of where it occurs, even if they are or may be penalized by civil authorities for the same act.

d. University disciplinary action may be instituted against a student charged with conduct that potentially violates both the civil/criminal law and University policy without regard to the pendency of civil or criminal litigation in court or criminal arrest and prosecution. At the discretion of the dean of students, proceedings under this chapter may be carried out prior to, simultaneously with, or following criminal proceedings off campus. Determinations made and sanctions imposed under this chapter will not be subject to change because criminal charges arising out of the same facts that give rise to the violations of University rules were dismissed, reduced, or resolved in favor of or against the criminal law defendant.

e. A student remains subject to discipline for prohibited conduct that occurs while suspended.

## Subchapter 11–200. Administration of Discipline

### Sec. 11–201. Administration by Dean of Students
The dean of students has primary authority and responsibility for the administration of student discipline. The dean of students works cooperatively with faculty members, hearing officer(s) or the Student Conduct Board in the disposition of academic violations, with appropriate staff members in the Division of Housing and Food Service in the disposition of residence hall violations, and with other appropriate staff members in the disposition of other types of violations.

### Sec. 11–202. Hearing Officer
The hearing officer(s) will be appointed in accordance with procedures established by the president. The president may appoint an individual or an office to coordinate the work of the hearing officer(s). To preclude any appearance of impropriety on the part of the dean of students, the selection and training of hearing officers is under the authority of the president's office and facilitated by the Vice President for Student Affairs.

### Sec. 11-203. Student Conduct Board

The Student Conduct Board (SCB) will be appointed in accordance with procedures established by the Vice President for Student Affairs. The Vice President for Student Affairs may appoint an individual or an office to coordinate the work of the SCB. To preclude any appearance of impropriety on the part of the dean of students, the selection and training of the SCB is under the authority of the president's office and facilitated by the Vice President for Student Affairs.

a. **Composition.** The SCB is composed of students, faculty and staff members.

1. Student members must be currently enrolled in the University and cannot be an executive officer of any legislative student organization.

2. Student candidates for membership shall be recommended by a selection committee appointed by the Vice President of Student Affairs. The president will appoint the student members of the SCB upon the recommendation of the selection committee.

b. **Chair.** The chair of the SCB shall be appointed by the Vice President for Student Affairs.

c. **Panels.** The SCB will act through panels appointed ad hoc for each hearing. Each panel shall be composed of five members: four student members and one faculty/staff member. The panel foreperson will be selected by the SCB chair.

d. **Quorum.** A quorum of the SCB is a majority. A quorum of a panel of the SCB is the entire panel.

e. **Jurisdiction.** The SCB shall only hear matters concerning allegations of academic dishonesty.

## Subchapter 11–300. Definitions

In this chapter, unless the context requires a different meaning, the following definitions apply.

1. "Advisor" means a single individual whom an accused student may elect to accompany him or her to a meeting with the dean of students or a hearing regarding an alleged violation of University policy. Because the accused student is solely responsible for presenting his or her case during the disciplinary process, an advisor may confer with and advise the accused student but may not advocate for the student in a meeting with the dean of students or in a hearing. A meeting with the dean of students or a hearing may be postponed no more than seven days after the original date to allow for an advisor to attend a meeting with the dean of students or a hearing. If an advisor is directly related to a disciplinary case or if the advisor's presence poses a conflict of interest, the dean of students, the foreperson of the SCB panel, or the hearing officer may dismiss the advisor from the meeting or hearing. Advisors may be dismissed from any disciplinary proceedings if they disrupt the process. If an advisor is an attorney, the dean of students may also be accompanied by an attorney. All complainants, including a complainant in a case involving sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations may have an advisor present during the hearing.

2. "Complaint" means a written statement prepared by the dean of students before a hearing that outlines the alleged violation(s) of a Regents' *Rule*, University regulation, or administrative rule to be resolved by the dean of students, the SCB or by the hearing officer.

3. "Complainant" - a person who submits a complaint alleging sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking or other Title IX related allegations, or is identified as the person who has allegedly experienced sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking or other Title IX related incident.

4. "Day" means a calendar day, except University holidays and days on which regularly scheduled classes are suspended due to emergent situations; "weekday" means Monday through Friday, 8:00 a.m.- 5:00 p.m., except University holidays and days on which regularly scheduled classes are suspended due to emergent situations; "University holiday" means a staff holiday identified in the holiday schedule published by the Office of Human Resource Services. If a deadline defined in this chapter falls on a Saturday, Sunday, or University holiday, that deadline will be moved to the next weekday; Saturdays and Sundays that are contiguous with University holidays are not considered "days" as defined here.

5. "Dean of students" means the dean of students of the University of Texas at Austin or the dean of students' delegate or representative.

6. "Disciplinary decision" means a written decision as to whether an accused student has committed a violation of a Regents' *Rule*, University regulation, or administrative rule. It includes the findings of fact in support of the decision along with the assessed sanction or sanctions, if any.

7. "Disciplinary record" or "student disciplinary record" means a student record as defined in section 9–202 of the *Institutional Rules* maintained by the dean of students in connection with a violation or an alleged violation of a Regents' *Rule*, University regulation, or administrative rule. The disciplinary record may include complaints, notices, hearing records, disciplinary decisions, and other documents required under this chapter or deemed relevant by the dean of students. Disciplinary records may be disclosed to outside parties as dictated by section 9–300 of the *Institutional Rules*.

8. "Faculty member" means a person who is employed by the University for the purpose of teaching a class, and who has authority to assign grades for the class.

9. "Hearing officer" means a person appointed by the president to conduct hearings of alleged violations of a Regents' Rule, University regulation, or administrative rule.

10. "President" means the president of the University of Texas at Austin.

11. "Student" means a person who is currently enrolled at the University, or who is accepted for admission or readmission to the University, or who has been enrolled at the University in a prior semester or summer session and is eligible to continue enrollment in the semester or summer session that immediately follows, or who is attending an educational program sponsored by the University while that person is on campus, or who engaged in prohibited conduct at a time when he or she met the above criteria. For the purposes of this chapter, individuals who are not currently enrolled at the University remain subject to the disciplinary process for conduct that occurred while they were enrolled.

12. "Student Conduct Board" (SCB) means the entity or group of persons composed primarily of students, who along with faculty and/or staff, are appointed by the president, as provided in this chapter, to conduct hearings and issue decisions concerning academic dishonesty violations.

13. "Title IX" means Title IX of the Education Amendments of 1972, Pub. L. 92-318, as amended by section 3 of Pub. L. 93-568, 88 Stat. 1855, except sections 904 and 906 thereof; 20 U.S.C. 1681, 1682, 1683, 1685, 1686.

14. "Title IX Coordinator" means the employee of the University with major responsibility for Title IX compliance efforts and who is designated to handle complaints under Title IX.

15. "University" means the University of Texas at Austin. For the purposes of this chapter, "University" also includes all activities and programs sponsored by or affiliated with the University of Texas at Austin regardless of the actual location where such activities or programs occur, including but not limited to, field trips, internships, rotations, and clinical assignments.

16. "University holiday" see "day" above.

17. "Vice President for Student Affairs" means the Vice President for Student Affairs of the University of Texas at Austin and is the administrative officer primarily responsible for the development and administration of policies relating to students, for the development and implementation of services to students, and for the initial preparation of institutional regulations that implement the Model Policy for Student Conduct and Discipline of The University of Texas System.

18. "Weekday"—see "day" above.

## Subchapter 11–400. Prohibited Conduct

### Sec. 11–401. Conduct Expected of Students

As stated in subsection 11–101(a), the University's expectations for conduct are grounded in the University Code of Conduct and the Student Honor Code. While subchapter 11–400 outlines specific examples of prohibited conduct, the University expects from its students a higher standard of conduct than the minimum needed to avoid discipline.

### Sec. 11–402. Academic Dishonesty

a. The dean of students or a faculty member may initiate disciplinary proceedings under subchapter 11–500 against a student accused of academic dishonesty.

b. "Academic dishonesty" or "scholastic dishonesty" includes, but is not limited to, cheating, plagiarism, collusion, falsifying academic records, misrepresenting facts, and any act designed to give unfair academic advantage to the student (such as, but not limited to, submission of essentially the same written assignment for two classes without the prior permission of the instructor), or the attempt to commit such an act.

c. "Cheating" includes, but is not limited to,
   1. copying from another student's test, paper, project, or other assignment;
   2. failing to comply with instructions given by the person administering a test, project, or other assignment, or given in conjunction with the completion of course requirements;
   3. using or possessing materials that are not authorized by the person giving the test, project, or other assignment, including but not limited to class notes, calculators, electronic devices, and specifically designed "crib notes"; the presence of textbooks constitutes a violation only if they have been specifically prohibited by the person administering the test;
   4. providing aid or assistance to or receiving aid or assistance from another student or individual, without authority, in conjunction with a test, project, or other assignment;

5. discussing or providing information about the contents of a test with another student who will take the test;

6. capturing or divulging the contents of a test or other assignment when the instructor has not given permission for students to keep or distribute such information;

7. substituting for another person or permitting another person to substitute for oneself to take a class, a test, or any class-related assignment;

8. using, buying, stealing, transporting, soliciting, or coercing another person to obtain answers to or information about an administered test, project, or other assignment;

9. falsifying research data, laboratory reports, other academic work offered for credit, or work done in conjunction with the completion of course requirements;

10. taking, keeping, misplacing, or damaging the property of the University, or of another, if the student knows or reasonably should know that an unfair academic advantage would be gained by such conduct; or altering a test paper, project, or other assignment to gain an academic advantage.

d. "Plagiarism" includes, but is not limited to, the appropriation of, buying, receiving as a gift, or obtaining by any means material that is attributable in whole or in part to another source, including words, ideas, illustrations, structure, computer code, and other expression or media, and presenting that material as one's own academic work being offered for credit or in conjunction with a program course requirement.

e. "Collusion" includes, but is not limited to, unauthorized collaboration with another person in preparing academic assignments offered for credit, and collaboration with another person to commit a violation of any section of the rules on academic dishonesty.

f. "Misrepresenting facts for academic advantage" to the University or an agent of the University or The University of Texas System includes, but is not limited to, providing false grades or résumés; providing false or misleading information in an effort to receive a postponement or an extension on a test, quiz, or other assignment for the purpose of obtaining an academic or financial benefit for oneself or another individual; and providing false or misleading information in an effort to injure another student academically or financially.

## Sec. 11–403. Financial Transactions with the University

Students who owe debts to the University may be denied admission or readmission to the University and may have official transcripts, grades, diplomas, and degrees to which they would otherwise be entitled withheld until the debt is paid. Students who write bad checks to the University for tuition and fees will have their registration canceled. Bad checks written to the University for other purposes will subject the student to legal and/or disciplinary action. Matters relating to student financial transactions will be directed by the appropriate administrative office to the Office of Accounting. See Regents' *Rules and Regulations*, Rule 50303 for more information.

## Sec. 11–404. General Misconduct

a. Notwithstanding any action taken on account of the violation by civil authorities or agencies charged with the enforcement of criminal laws, the dean of students may initiate disciplinary proceedings under subchapter 11–500 against a student who

1. engages in conduct that violates any provision of federal, state, or local laws, whether or not the violation occurs on University property or in connection with any University-oriented activity;

2. possesses, uses, or displays firearms, facsimile firearms, ammunition, explosives, or other weapons on property owned or controlled by the University, without written permission from the dean of students, unless authorized by federal, State or local laws;

3. behaves in a manner that impedes, interferes with, or disrupts any University teaching, research, administrative, disciplinary, public service, learning, or other authorized activity;

4. behaves in a manner that threatens or endangers the health or safety of any student or employee of the University, or of visitors on the campus;

5. violates the University's prohibition of sex discrimination, sexual harassment, sexual assault, sexual misconduct, interpersonal violence (including domestic violence and dating violence) and stalking as contained in Appendix D;

6. damages, defaces, destroys, tampers with, or takes without authorization property of the University, property belonging to any student or employee of the University, or property of a visitor on the campus;

7. violates the University's prohibition of hazing as contained in Chapter 14 of the *Institutional Rules*;

8. engages in unauthorized use or possession of alcoholic beverages in a University classroom building, laboratory, auditorium, library building, museum, faculty or administrative office, intercollegiate or intramural athletic facility, residence hall, or any other campus area (see Regents' *Rules and Regulations*, Rule 80102 for more information); or engages in the improper use, possession, or consumption of alcoholic beverages, including but not limited to underage possession of alcohol, underage consumption of alcohol, providing alcohol to a minor, public intoxication, minor driving under the influence of alcohol, driving while intoxicated;

9. engages in the use, possession, or sale of an illegal drug or narcotic, or possession of drug paraphernalia;

10. engages in speech, including but not limited to verbal, electronic, or written communication, that is directed to inciting or producing imminent lawless action and is likely to incite or produce such action;

11. enters, walks, runs, lies, plays, remains, or is in the water of any fountain or other artificial body of water on the University campus that is not designed and maintained for recreational or therapeutic purposes; dumps, throws, places, or causes to be placed any material, object, trash, person, animal, waste, or debris in the water of any fountain or other artificial body of water located on the University campus; or damages, defaces, or removes any portion of any fountain, monument, building, statue, structure, facility, tree, shrub, or memorial located on the University campus (see Regents' *Rules and Regulations*, Rule 80110 for more information);

12. engages in harassment; harassment is defined as conduct that is sufficiently severe, pervasive, or persistent to create an objectively hostile environment that interferes with or diminishes the ability of an individual to participate in or benefit from the services, activities, or privileges provided by the University; for a complete set of cross-references to all harassment policies on the campus, see subsection 13–204(c) of the *Institutional Rules*;

13. engages in unauthorized use of property, including keys, equipment, resources, supplies, buildings, or facilities owned or controlled by the University or The University of Texas System, including unauthorized entry into property, buildings, or facilities owned or controlled by the University or The University of Texas System;

14. furnishes false information to or withholds material information from any University official, faculty member, or staff member acting in the course of his or her duties;

15. refuses to identify one's self to a University official, faculty member, or staff member acting in an official capacity;

16. alters or assists in the alteration of any official nonacademic record or document, including parking permits and athletic tickets, of any University office or of The University of Texas System;

17. engages in an inappropriate or disproportionate use of an information technology resource owned or controlled by the University or The University of Texas System or uses an information technology resource for an illegal, threatening, or intentionally destructive purpose; prohibited conduct includes, but is not limited to, circumventing system or network security, committing copyright infringement, transmitting unsolicited e-mail, sharing a University-issued password, falsifying an e-mail header, and using resources for personal financial gain or profit;

18. engages in stalking; stalking is defined as repeated conduct directed specifically at another person that reasonably causes that person, or a member of that person's family or household, to fear for his or her safety or that person's property; such conduct may include but is not limited to repeated, close physical or visual contact, watching, following, and making direct or implied threats by phone calls, e-mail messages, letters, or messages;

19. engages in gambling, including in the residence halls;

20. engages in the falsification of academic records, including but not limited to altering or assisting in the alteration of any official record of the University or The University of Texas System and submitting false information or omitting requested information that is required for or related to any academic record of the University or The University of Texas System. Academic records include, but are not limited to, applications for admission, the awarding of a degree, registration materials, grade change forms, and reporting forms used by the Office of the Registrar. A former student who engages in such conduct is subject to a bar against readmission, revocation of a degree, and withdrawal of a diploma;

21. engages in surveillance or recording of any type without the subject's knowledge or consent in areas where there is a reasonable expectation of privacy and/or the broadcasting or distribution of such material;

22. otherwise engages in the following acts of inappropriate conduct that have the potential to interfere or disrupt the student learning or teaching function of the University: pranks, repeated contact of a harassing nature through a personal or electronic medium, and berating or otherwise abusive behavior; or

23. engages in any prohibited conduct while suspended for disciplinary reasons.

b. In the case of disruptive activity on the campus of the University, neither the dean of students nor the president nor any representative of them will negotiate or attempt to negotiate with any person or persons so engaged. When such a situation arises, the dean of students or the president, or their representative, will take immediate action to utilize all lawful measures to halt and eliminate any and all such disruptive activities that come to their attention, and may initiate disciplinary proceedings under subchapter 11–500. See Regents' *Rules and Regulations*, Rule 40502 for more information.

c. It is unlawful for any person on any property of the University to refuse to identify himself or herself to an institutional representative in response to a request. A person identifies himself or herself by giving his or her name and complete address, substantiated by a current driver's license, voter registration card, or other official documentation, and by stating truthfully whether or not he or she is a student or employee of the University. An institutional representative includes any member of the Board of Regents; any executive officer or administrative officer of the system; any administrative officer of the University; and any attorney, peace officer, or security officer of The University of Texas System or the University acting pursuant to the authority of Texas law. See Regents' *Rules and Regulations*, Rule 80101, Number 2, Sections 3 and 4 for more information.

d. Any person who violates any provision of the Regents' *Rules and Regulations* of The University of Texas System, the rules and regulations of the University (including but not limited to administrative rules of campus offices), or specific instructions issued by an administrative official acting in the course of his or her authorized duties, is subject to disciplinary sanction.

e. It is a violation for a student to attempt to commit any violation of University rules or regulations, or to assist another person or persons in committing any violation of University rules or regulations.

f. It is a violation to engage in action that interferes with or obstructs the student disciplinary process. This includes, but is not limited to, failing to appear for a meeting when summoned by letter or e-mail to do so, failing to appear at or testify at a hearing, attempting to intimidate, harass, or unduly influence a potential witness or complainant, and failing to complete judicial sanctions.

g. It is a violation to retaliate in any way against an individual who has brought a complaint under this chapter or participated in an investigation of such complaint.

# Subchapter 11–500. Disciplinary Procedures

### Sec. 11–501. Investigation

When the dean of students receives information that a student has allegedly violated a Regents' Rule, University regulation, administrative rule, city ordinance, or state or federal law, the alleged violation will be investigated. Upon completing the preliminary investigation, the dean of students may

1. dismiss the allegation as unfounded; or
2. summon the student for a conference and, after conferring with the student:
   A. dismiss the allegation; or
   B. proceed administratively under section 11–504 in every case where the proposed sanction is not a suspension, including suspension of rights and privileges, academic sanction, or expulsion and in other cases where the student elects an administrative disposition; or

C. prepare a complaint based on the allegation and proceed under subchapter 11–600 in cases where the proposed sanction is suspension, including suspension of rights and privileges, academic sanction or expulsion and the student does not waive his or her right to a hearing.

3. If the information received by the dean of students makes allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, interpersonal violence (domestic violence and dating violence), stalking, or other Title IX related allegations, in addition to the above requirements, the dean of students shall inform the Title IX coordinator of the allegations. Any complaints or allegations concerning sex discrimination, sexual harassment, sexual assault, sexual misconduct, interpersonal violence (including domestic violence and dating violence) or stalking are subject to Appendix D (p. 65). In these cases the Title IX coordinator and the complainant shall, subject to Federal Educational Rights and Privacy Acts (FERPA) and other applicable law, be informed by the dean of students as to the result of the preliminary investigation and, if applicable, the process employed to resolve the allegation(s).

Any student who reports allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, either as a complainant or a third party witness, will not be subject to disciplinary action by the dean of students for using and/or consuming alcohol or drugs at or near the time of the alleged incident, provided that any such alcohol or drug use did not, and do not, place the health or safety of any person at risk.

All proceedings will provide a prompt, fair and impartial investigation and resolution. Although the Title IX investigation will generally proceed as follows, the dean of students may adjust the sequence of investigations as necessary:
A. the investigators will summon both the accused student and the complainant for individual conferences to obtain testimony.
B. the investigators will summon any witnesses related to the investigation to obtain relevant testimony.
C. the investigators will prepare an investigative report based on the allegation(s), the evidence, and the testimonies of the accused student, the complainant and relevant witnesses.
D. the investigators will determine if the evidence meets the standard of proof (preponderance of credible evidence) to proceed administratively under section 11-504 or dismiss the allegation.
E. the investigators will notify both the accused student and the complainant of the outcome of the investigation.

During the investigation, the dean of students and Title IX Coordinator have the authority to enact interim measures to minimize contact between the involved parties, including but not limited the issuance of a no contact directive.

## Sec. 11–502. Interim Disciplinary Action

a. Pending a hearing or other disposition of the allegations against a student, if the continuing presence of the student is a potential danger to persons or property or a potential threat of disrupting the academic process or any activity authorized by the University, the dean of students may take such immediate interim disciplinary action as is appropriate to the circumstances. Appropriate actions include, but are not limited to, suspending the right of the student to be present on the campus (including to live in campus residence halls) and to attend classes, and otherwise altering the status of the student.

b. A student who is suspended or whose status is altered under subsection 11–502(a) may meet with the dean of students to contest the interim disciplinary action taken by the University. A request for a meeting under this subsection must be made, in writing, within five days after the interim disciplinary action was taken. If requested by the student, such a meeting generally will be conducted within ten days after the request for a meeting is made, unless the student agrees in writing to a meeting at a later time. At the discretion of the dean of students, the ten-day period may be extended for a period not to exceed an additional ten days.

1. During the meeting with the dean of students, the student may present documentation or other evidence for review by the dean of students in consideration of lifting or altering the interim disciplinary action. The dean of students shall issue a written decision within seven days of the meeting regarding whether the University's decision to take interim disciplinary action should be reversed, altered, or otherwise left unchanged.

2. The student may appeal the decision issued by dean of students under subsection 11-502(b)(1) by submitting a written appeal to the Vice President for Student Affairs, or his or her designee, within three days from the date the dean of students issues his/her decision. The appeal will be reviewed solely on the basis of the written record of the case, any written materials submitted by the student, and the response to the appeal, if any, submitted by the dean of students. Oral argument will not be considered.

3. The decision of the Vice President for Student Affairs, or his or her designee, will be communicated in writing to the accused student and the dean of students within seven days after the appeal has been received by the Vice President for Student Affairs or his or her designee. The Vice President for Student Affairs, or his or her designee, may approve, reject, or modify the interim disciplinary action in question or may require that the original decision be reconsidered for the presentation of additional evidence. The decision of the Vice President for Student Affairs, or his or her designee, shall be final.

c. A student who is suspended or whose status is altered under subsection 11–502(a) is subject to further disciplinary action for prohibited conduct that takes place during the period of interim disciplinary action imposed under 11–502(a).

## Sec. 11–503. Summoning a Student

a. The dean of students may summon a student to appear in connection with an alleged violation by sending a message to the student by letter or by e-mail at an address listed in the registrar's records.

b. The message will direct the student to appear at a specific time and place at least three weekdays after the date of the message if the message is sent by letter, or at least two weekdays after the date of the message if the message is sent by e-mail. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the dean of students has the right to summon the student at least one weekday after the date of the message, by email, or by phone number listed in the registrar's records.

c. The dean of students may bar or cancel the enrollment or otherwise alter the status of a student (or of a former student as described in subsection 11–300(k)) who fails without good cause to comply with a summons sent under subsection 11–503(a) until the student complies with the summons. A letter sent to an address listed in the registrar's records, a letter hand-delivered to the student, or an e-mail message sent to the address listed in the registrar's records will constitute full and adequate notice. The student's failure to provide and to maintain current addresses, refusal to accept delivery of a letter, or failure to receive an e-mail message because the mailbox is full or the message is inappropriately forwarded will not constitute good cause for failure to comply with the summons. [Policies on the use of e-mail for official correspondence are given in Appendix M (p. 91)]

d. If an accused student fails to appear as directed in a summons the dean of students may proceed with a hearing before a hearing officer based upon the information available.

## Sec. 11–504. Administrative Disposition by the Dean of Students of Disciplinary Violations

Administrative disposition shall be used in cases where the proposed sanction is a sanction other than suspension, including suspension of rights and privileges, academic sanction, or expulsion and may be used in cases where the proposed sanction is suspension, including suspension of rights and privileges, academic sanction, or expulsion if the accused student agrees to waive his right to a hearing.

a. In cases where the accused student does not dispute the facts upon which the charges are based, the proposed sanction is not suspension, including suspension of rights and privileges, academic sanction or expulsion and the student agrees to the proposed sanction, the administrative disposition shall be final and there shall be no appeal of the finding of misconduct or the sanction.

b. In cases where the accused student disputes the facts upon which the charges are based and the proposed sanction is not suspension, including suspension of rights and privileges, academic sanction, or expulsion the dean of students will inform the student of the charges, evidence, findings, and proposed sanction(s); give the student the opportunity to meet with the dean of students or his or her delegate to provide evidence. The dean of students will review all evidence, including the student's response to the allegation, and determine whether the preponderance of credible evidence supports a finding that a violation occurred. If a violation is deemed to have occurred, the dean of students will assess sanction(s) pursuant to subchapter 11–700 that is appropriate given the allegation and the student's disciplinary record, if any. The administrative disposition may be appealed to the president or his or her designee. Both the finding of violation and/or the sanction may be appealed.

c. An administrative disposition may be used in cases where the proposed sanction is suspension, including suspension of rights and privileges, academic sanction, or expulsion. A student who wishes to resolve his or her disciplinary case through an administrative disposition with the dean of students must waive his or her right to hearing reserving his or her right to appeal only the assessed sanction or sanctions to the president in accordance with section 11–803. A student who does not sign the administrative disposition developed as described in subsection 11–504 shall resolve the disciplinary case through a hearing before either a hearing officer or, in academic dishonesty cases only, a panel of the SCB in accordance with subchapter 11–600.

d. If the student fails to complete the assigned sanction or sanctions, the dean of students may pursue a separate rule violation under Section 11–404(f) and/or place a bar on the student's registration until the sanction is completed.

e. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the dean of students shall, subject to the Federal Educational Rights and Privacy Act (FERPA) and other applicable law, inform the Title IX coordinator and a complainant as to any disposition of the case or if the accused student has chosen to proceed to a hearing.

## Sec. 11–505. Disposition by Faculty Members of Academic Violations

a. When a faculty member has reason to suspect that a student has violated University regulations concerning academic dishonesty as defined in section 11–402, the faculty member may:

1. refer the case to the dean of students, who will proceed under section 11–501. The faculty member is not required to notify the accused student that the disciplinary referral has been made; or

2. meet with the student(s) involved and discuss the alleged violation(s), the documentation and/or information that supports the charge, and the rights of the student(s) in the disciplinary process. After conferring with the student, the faculty member may dismiss the allegation or proceed under subsection 11–505(b) or subsection 11–505(c).

b. In any case where a student accused of academic dishonesty disputes the facts upon which the charges are based, chooses not to waive the right to a hearing, or chooses to have the case resolved by the dean of students, the faculty member will refer the matter to the dean of students, who will then proceed under section 11–501.

c. With the agreement of both the accused student and the faculty member, a case of academic dishonesty may be resolved through a faculty disposition. A resolution through a faculty disposition does not limit the possibility of additional sanctions being issued by the dean of students as dictated in Subsection 11-505(d). Faculty dispositions are used in situations where the accused student does not dispute the facts upon which the charges are based, and the student signs a written waiver of the hearing. If, after hearing the accused student's response to the allegation, the faculty member determines that the preponderance of credible evidence supports a finding that a violation has occurred, the faculty member will assess a sanction or sanctions pursuant to section 11–702(a). After the student signs the faculty disposition, the faculty member shall send the signed form, the signed waiver of the hearing, and all relevant documentation (including copies of the academic assignment and course syllabus) to the dean of students. In extraordinary circumstances, if the sanction issued in a faculty disposition falls well outside the general scope of sanctions issued in similar cases, the dean of students may communicate with the faculty member to discuss a different sanction.

1. A student who resolves his or her disciplinary case through a faculty disposition must sign a written waiver of his or her right to a hearing and may appeal only the assessed sanction or sanctions to the president in accordance with section 11–802.

2. If the student fails to complete the assigned sanction or sanctions, the dean of students may pursue a separate rule violation under Section 11–404(f) and/or place a bar on the student's registration until the sanction is completed.

3. A student who resolves his or her disciplinary case through a faculty disposition may be placed on up to one year of academic integrity probation, in addition to the sanction assessed by the faculty member.

d. In situations where the dean of students receives a faculty disposition signed by both parties, the dean of students may seek to impose a disciplinary sanction or sanctions in addition to the one assessed in the faculty disposition. Additional sanctions may be levied when the student has a prior disciplinary history or in other situations deemed appropriate by the dean of students. When assessing an additional disciplinary sanction, the dean of students may impose any general sanctions listed in Section 11–701 or Section 11–703 or any grade-related sanctions listed in Section 11–702(a). A student who has been issued an additional sanction by the dean of students after signing a faculty disposition may elect to appeal both the grade-related sanction issued in the faculty disposition under Section 11–802 and appeal the additional sanction(s) issued by the dean of students as dictated by Section 11–803.

## Subchapter 11–600. Hearing

In cases where the proposed sanction is suspension, including suspension of rights and privileges, academic sanction or expulsion, the accused student may elect to have the charges heard and determined by either a hearing officer or, in cases of academic dishonesty only, by a panel of the SCB. If the accused student does not make a decision within thirty days of receiving notice of the administrative outcome, the matter shall be heard by a hearing officer. At the discretion of the dean of students, the thirty-day period may be extended for a period not to exceed an additional ten days.

In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant or the accused student may elect to have charges heard and determined by a hearing officer. If the accused student does not make a decision within five weekdays of receiving notice of the administrative outcome, the matter shall be heard by a hearing officer.

### Sec. 11–601. Duties of the Hearing Officer

a. The hearing officer will preside over the hearing and will
   1. determine whether the dean of students has satisfactorily performed the requirements of section 11–603;
   2. except as otherwise provided in this chapter, determine whether observers may be present; observers will be limited to people attending the hearing for University training purposes;
   3. rule on the admissibility of evidence and on objections to the procedure;
   4. facilitate the hearing process, which includes removing from the hearing anyone who is disrupting the process;
   5. render a written decision, which will contain findings of fact and conclusions as to whether a violation has occurred;
   6. assess a sanction or sanctions;
   7. provide the student and the dean of students with a copy of the decision; and
   8. certify the hearing record.

b. The hearing officer may question witnesses.

c. The hearing officer is entitled to have the advice and legal counsel from the Office of General Counsel of the University of Texas System.

d. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the hearing officer will also provide the Title IX coordinator and the complainant with a copy of the decision to the extent permitted by FERPA (the Family Educational Rights and Privacy Act).

### Sec. 11–602. Duties of the Student Conduct Board Panel

a. The foreperson of the SCB panel will preside over the hearing and will
   1. determine whether the dean of students has satisfactorily performed the requirements of section 11–603;
   2. confirm the student's election to a hearing before an SCB panel under Subchapter 11-600;
   3. except as otherwise provided in this chapter, determine whether observers may be present; observers will be limited to people attending the hearing for University training purposes;
   4. rule on the admissibility of evidence and on objections to the procedure;
   5. facilitate the hearing process, which includes removing from the hearing anyone who is disrupting the process;
   6. by a majority vote of the panel, render a written decision, which will contain findings of fact and conclusions as to whether a violation has occurred; and assess a sanction or sanctions;
   7. provide the student and the dean of students with a copy of the decision; and
   8. certify the hearing record.

b. The members of the panel of the SCB may question witnesses.

c. The SCB is entitled to have the advice and counsel from the Office of General Counsel of The University of Texas System.

### Sec. 11–603. Duties of the Dean of Students

The dean of students will

a. set the date, time, and place for the hearing and notify the accused student of the date, time, and place;

b. arrange for recording the hearing as provided in subsection 11–608(f); and

c. furnish a suitable room, necessary equipment, and clerical assistance for the hearing.

**Sec. 11–604. Notice of Hearing**

a. The dean of students will notify the accused student by letter or by e-mail of the date, time, and place for the hearing. The notice will be delivered in person or sent by e-mail or postal mail to the student at an address listed in the registrar's records. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the dean of students shall also provide the date, time, and place of the hearing to the Title IX coordinator and, if applicable, the complainant.

b. The notice will specify a hearing date at least ten days after the date of the letter or e-mail message, unless the hearing is being held under the conditions required in section 11–502 or related to a Title IX allegation. A letter or an e-mail message sent to an address listed in the registrar's records will constitute full and adequate notice. A letter will be considered to have been received on the third weekday after the day of mailing. An e-mail message will be considered to have been received on the second day after the day of sending the message. A student may request, in writing, that an earlier hearing date be set if feasible to arrange. The hearing officer or the foreperson of the SCB panel for good cause may postpone the hearing and will notify the dean of students and the accused student of the new hearing date. The student's failure to provide and to maintain current addresses, refusal to accept delivery of a letter, or failure to receive an e-mail message because the mailbox is full or the message is inappropriately forwarded will not constitute good cause for failure to comply with the notice. [Policies on the use of e-mail for official correspondence are given in Appendix M (p. 91).]

c. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the notice will specify a hearing date of at least 5 days after the date of the letter or e-mail message.

d. Notice sent under subsection 11–604(a) will

   1. direct the accused student to appear on the date and at the time and place specified;

   2. advise the accused student of his or her rights

     A. to a private hearing;

     B. to appear in person and to have an advisor at the hearing;

     C. to challenge the hearing officer or the members of the SCB panel designated to hear the charges;

     D. to know the identity of each witness who will testify against him or her;

     E. to present testimony of witnesses, to present documentary and other evidence, and to argue in his or her own behalf;

     F. to cross-examine each witness who testifies against him or her; and

     G. to appeal under section 11–804;

   3. contain the name of the person appointed to act as hearing officer or the names of the SCB panel appointed to hear the matter;

   4. contain the names of witnesses who may testify against the accused student, a brief summary of the testimony to be given by each, and a list of documentary and other evidence that will be offered against the accused student; the dean of students may supplement the list of witnesses and documents for good cause, as determined by the hearing officer or the foreperson of the SCB panel;

   5. contain a copy of the complaint, which outlines the alleged violation(s); and

   6. notify the accused student that if he or she is advised by an attorney at the hearing, then the dean of students may be advised by an attorney at the hearing. An advisor may confer with and advise the dean of students or the accused student but may not question witnesses, introduce evidence, make objections, or present arguments to the hearing officer.

e. In cases involving sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the dean of students shall provide, subject to the Federal Family Education Rights and Privacy Act (FERPA) and other applicable law, to the Title IX coordinator and, if applicable, to the complainant the same notice given to the accused student. The complainant shall be advised in such cases that he or she has the right to:

   1. attend and participate in the hearing;

   2. have past sexual history with third parties excluded from evidence;

   3. provide testimony at the hearing in a manner that does not require the complainant to directly confront or to be directly questioned by the accused student while still preserving the accused student's right to challenge such testimony, including but not limited to the dean of students to providing testimony on the complainant's behalf;

   4. receive support and assistance from the Title IX coordinator;

   5. work with and provide input to the dean of students office regarding witnesses and their testimony as well as other relevant evidence and argument in preparation for the hearing and any subsequent appeals;

   6. know the outcome of the hearing decision;

   7. appeal the hearing decision;

   8. submit a response to the accused student's appeal.

f. Failure to comply with notice. In situations where a student fails to attend a scheduled hearing, the hearing officer or, if applicable, the panel of the SCB will, at the time of the scheduled hearing, determine if the dean of students provided notice as dictated by Section 11-604(b) and Section 11-604(c). If the hearing officer or a majority of the SCB panel determines that the dean of students provided notice as dictated by Section 11-604(b) and Section 11-604(c), the dean of students may elect to hold the hearing without the student's participation or reschedule the hearing for a different date. If the hearing proceeds in the accused student's absence, the hearing will be conducted according to the provisions of Subchapter 11-600 with a final decision issued by the hearing officer or a majority of the SCB panel as dictated by Section 11-609. Even in situations where the student does not attend the hearing, the hearing officer's or the SCB's decision may be appealed to the University president under Section 11-804.

**Sec. 11–605. Preliminary Matters for a Hearing**

a. Charges against more than one student that arise out of a single transaction or occurrence may, at the discretion of the dean of students, be heard together, but a student may request a separate hearing which the hearing officer or, if applicable, the foreperson of the SCB panel may grant upon finding that a student has shown good cause for a separate hearing.

b. At least five days before the hearing date, the accused student will furnish the dean of students with a list of any witnesses who may testify on behalf of the student, together with a summary of each witness's testimony and a copy of any documents and other evidence the witness may offer; the student may supplement the list of witnesses and documents for good cause, as determined by the hearing officer or, if applicable, the foreperson of the SCB panel. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, within at least five days before the hearing date, the complainant may furnish the dean of students with a list of any witnesses who may testify on behalf of the student, together with a summary of each witness's testimony and a copy of any documents and other evidence the witness may offer; the student may supplement the list of witnesses and documents for good cause, as determined by the hearing officer.

c. At least five days before the hearing date, the student will furnish the hearing officer or, if applicable, the SCB panel with
    1. any objection that, if sustained, would postpone the hearing;
    2. the name of the advisor, if any, who will appear with the student, and the advisor's relationship to the student; and
    3. a request for a separate hearing, if desired, and the grounds for such a hearing (if the dean of students has designated that the hearing will be held in accordance with subsection 11–605(a)).

d. At least five days before the hearing date, the dean of students will provide to the accused student copies of documents that may be introduced at the hearing available to the accused student.

e. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, copies of the information and/or documents submitted by the accused student and the dean of students as required by this section shall be promptly provided to the Title IX coordinator and, if applicable, to the complainant. The complainant may submit a request to close the hearing to the hearing officer prior to the hearing. The complainant will furnish the name of his/her advisor, if any, to the hearing officer prior to the hearing.

## Sec. 11–606. Challenges to the Hearing Officer or Members of the SCB Panel

The accused student may challenge the hearing officer or any member of the SCB panel for an alleged lack of fairness or objectivity but is not entitled to disqualify that person from serving. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may through the Office of the Dean of Students, also challenge the hearing officer on the basis of a lack of fairness and objectivity. The challenge must be in writing, must state the reasons for the challenge, and must be submitted to the hearing officer or the foreperson of the SCB panel through the Office of the Dean of Students at least three days prior to the hearing. It will be up to the hearing officer or the challenged members(s) of the SCB panel to determine whether they can serve with fairness and objectivity. If the challenged person disqualifies themselves, another hearing officer or SCB panel member will be appointed.

## Sec. 11–607. Hearing Procedure

a. The hearing is informal and closed, except that, with the consent of the accused student and the dean of students, the hearing may be open.
b. Although the hearing will proceed generally as follows, the hearing officer or the foreperson of the SCB panel may adjust the sequence of the hearing as necessary to ensure fairness:
    1. the dean of students reads the complaint;
    2. the hearing officer or the foreperson of the SCB informs the accused student of his or her rights listed in subsection 11–604(d)(2)
    3. the dean of students and the accused student are each given the opportunity to make an opening statement; the accused student has the right to reserve his or her opening statement until after the dean of students has presented the University's case;
    4. the dean of students is given the opportunity to present the University's witnesses and evidence; during this time, the accused student may question any of the dean of students' witnesses;
    5. the accused student is given the opportunity to present his or her witnesses and evidence; during this time, the dean of students may question any of the accused student's witnesses;
    6. the dean of students and the accused student are each given the opportunity to present rebuttal evidence and argument;
    7. the dean of students is given the opportunity to present a recommendation on a sanction or sanctions;
    8. the accused student is given the opportunity to present a rebuttal and recommended outcome or sanctions;
    9. the dean of students is given the opportunity to present a closing statement;
    10. the accused student is given the opportunity to present a closing statement;
    11. the hearing officer or a majority of the panel of the SCB decides whether a violation has occurred and assesses a sanction or sanctions in accordance with subchapter 11–700.

c. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the following additional rights and procedures apply:
    1. The Title IX coordinator and, if applicable, the complainant may attend the hearing.
    2. The hearing officer shall inform the complainant of his or her rights as listed in subsections 11-604(d)(2) and 11-608(b).
    3. The complainant may have an advisor present during the hearing.
    4. The complainant has the right to have past sexual history with third parties excluded from evidence;
    5. The complainant is given the opportunity to make an opening statement and has the right to reserve his or her opening statement until after the dean of students has presented the University's case;

6. The complainant has the right to question any of the dean of students' witnesses and any of the accused student's witnesses;

7. The complainant is given the opportunity to present his or her witnesses and evidence; during this time, the dean of students and the accused student may question any of the complainant's witnesses;

8. The complainant is given the opportunity to present rebuttal evidence and argument;

9. The complainant is given the opportunity to present a rebuttal to the dean of students' recommendation for sanction or sanctions;

10. The complainant is given the opportunity to present a closing statement;

11. The hearing will be closed at the complainant's request.

### Sec. 11–608. Evidence in Hearings

a. Legal rules of evidence do not apply to hearings under this subchapter; the hearing officer or the foreperson of the SCB panel may admit and give effect to evidence, including testimony that possesses probative value and is commonly accepted by reasonable people in the conduct of their affairs. The hearing officer or the foreperson of the SCB panel will exclude irrelevant, immaterial, and unduly repetitious evidence. All evidence admitted during the hearing will be made a part of the record. The hearing officer or the foreperson of the SCB panel will give effect to the rules of privilege recognized by law.

b. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant shall be allowed to provide testimony at the hearing in a manner, as determined by the hearing officer, that does not require the complainant to directly confront or be directly questioned by the accused student while still preserving the accused student's right to challenge such testimony. In addition, evidence of the complainant's past sexual history with third parties will be excluded.

c. Upon a hearing of the charges, the University has the burden of going forward with the evidence and the burden of proving the charges by the preponderance of credible evidence.

d. A witness will testify unless otherwise provided in these rules or if the testimony is privileged as recognized by law or is excluded by the hearing officer. If a witness refuses to testify based on a privileged relationship recognized by Texas law, the hearing officer or the foreperson of the SCB may require evidence of the relationship and/or seek legal counsel before making a decision on the assertion of privilege, even if such would require postponing the hearing.

e. The hearing officer or a majority of the SCB panel will decide whether a violation has occurred and assess an appropriate sanction or sanctions solely on the basis of admitted evidence. The accused student's disciplinary record is deemed admitted into evidence during a hearing to help the hearing officer or the SCB panel assess an appropriate sanction or sanctions. The decision as to the accused student's responsibility for the violation at issue will be based solely on the evidence that pertains to that particular violation.

f. A recording will be made of the hearing, under supervision of the dean of students. At the discretion of the dean of students, a court reporter may also be present to prepare a written transcript of the hearing.

### Sec. 11–609. Disciplinary Decision
Before issuing the decision, the hearing officer or the foreperson of the SCB panel will certify the hearing record as defined in section 11–610. If the hearing is recorded and no transcript is requested, then the hearing officer or the foreperson of the SCB shall certify the recording itself as a true and correct record of the hearing. If a transcript is prepared, the transcript is considered part of the hearing record, and the hearing officer may wait to receive it before certifying the hearing record. The hearing officer or the majority of the SCB panel will render a written decision as to whether the accused student has committed a violation and will set forth findings of fact in support of the decision. The sanction or sanctions will also be stated in the decision. The accused student and the dean of students will each be given a copy of the decision. The written decision is the official decision on the matter from which any appeal is taken. The hearing officer or the majority of the SCB panel should make every effort to complete the written decision within thirty days of the hearing. If the hearing officer or the majority of the SCB panel is unable to issue the written decision within thirty days, he or she (or in case of a SCB panel, the foreperson) should contact both the accused student and the dean of students to provide a date for completion of the written decision.

In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall, upon receipt of the hearing officer's decision, forward copies of the decision to the Title IX coordinator and, if applicable, the complainant.

### Sec. 11–610. Hearing Record
The hearing record consists of

1. a copy of the notice required under section 11–604;

2. the recording of the hearing certified by the hearing officer or the foreperson of the SCB panel and the transcript, if any, certified by the hearing officer, foreperson of panel of the SCB, and the court reporter, together with all evidence admitted under section 11–608;

3. written motions and pleas; and

4. the disciplinary decision of the hearing officer or the majority of the SCB panel.

## Subchapter 11–700. Sanctions

### Sec. 11–701. Authorized Disciplinary Sanctions

a. The dean of students, under subchapter 11–500, or the hearing officer or the majority of a SCB panel, after a hearing under subchapter 11–600, may impose one or more of the following sanctions for violation of the University's expectations of conduct
   1. written warning;
   2. disciplinary probation;

3. academic integrity probation;
4. withholding of grades, official transcript, and/or degree;
5. bar against readmission, bar against enrollment, withdrawal from the University or from a period of enrollment, and/or drop from one or more classes;
6. restitution or reimbursement for damage to or misappropriation of University or University of Texas System property;
7. suspension of rights and privileges, including, but not limited to, participation in athletic or extracurricular activities and residing in or entering University housing;
8. a failing grade for a test, an assignment, or a class, cancellation of all or part of previously earned course credit, and other academic sanction or sanctions;
9. denial of degree;
10. deferred suspension;
11. suspension from the University for a specified period of time;
12. expulsion (permanent separation from the University);
13. revocation of degree or withdrawal of diploma;
14. other sanction or sanctions as deemed appropriate under the circumstances.

b. If a violation of the University's expectations of conduct, other than subsection 11–404(a)(12) of this chapter or section 13–204 of the *Institutional Rules*, is committed because of the race, color, religion, national origin, gender, age, disability, citizenship, veteran status, sexual orientation, gender identity, or gender expression of a student or students directly harmed by the violation, such a discriminatory purpose will be treated as an aggravating factor for the purpose of determining the appropriate sanction or sanctions under subsection 11–701(a). For a complete set of cross-references to all regulation of harassment on the campus, see subsection 13–204(c) of the *Institutional Rules*.

## Sec. 11–702. Authorized Academic Sanctions

a. When a student signs a faculty disposition under section 11–505 for conduct constituting academic dishonesty as defined in section 11–402, the faculty member or the academic dean responsible for the class may impose one or more of the following grade-related sanctions:
1. no credit or reduced credit for the paper, assignment, or test in question;
2. retaking of examination or resubmission of assignment;
3. failing grade or reduced final grade for the class.

b. When a student signs an administrative disposition with the dean of students under section 11–504 or is found by a hearing under subchapter 11–600 to have committed academic dishonesty as defined in section 11–402, the dean of students, the hearing officer or a majority of the SCB panel, as the case may be, may impose any of the grade-related sanctions listed in subsection 11–702(a) and impose any of the general sanctions listed in section 11–701 or 11–703.

c. If a student resolves his or her disciplinary case through a faculty disposition under section 11–505, or an administrative disposition with the dean of students under section 11–504, or is found by a hearing officer or an SCB panel under subchapter 11–600 to have committed academic dishonesty as defined in section 11–402, the student may be placed on up to one year of academic integrity probation, in addition to any other sanction assessed by the faculty member, the dean of students, or the hearing officer or the SCB panel. If the student has been found responsible for two or more academic dishonesty violations, suspension or expulsion as a potential sanction will be considered.

## Sec. 11–703. Pending Actions and Definition of Authorized Sanctions

a. The dean of students, the hearing officer or a majority of the SCB panel may withhold an official transcript, grade, diploma, or degree of a student alleged to have committed a violation of a rule or regulation of The University of Texas System or the University that would reasonably allow the imposition of such sanction. The dean of students may take such action pending a hearing, resolution by administrative disposition, and/or exhaustion of appellate rights when, in the opinion of the dean of students, the best interests of The University of Texas System or the University would be served by this action.

b. As appropriate under the circumstances, the dean of students, the hearing officer or a majority of the SCB panel may impose a bar against the student's readmission or enrollment, may drop the student from one or more classes, or may withdraw the student from the University or from a period of enrollment. One or more of these sanctions may also be imposed on a student who fails to respond to a summons by the dean of students to discuss an alleged violation of the Regent's *Rules and Regulations*, University regulation, administrative rules, or the University's expectations of conduct. If imposed for failure to respond to a summons, the sanction or sanctions may be reversed when the student responds to the summons as requested.

c. "Written warning" means that the student has been notified that he or she has engaged in behavior that violated a rule or regulation of The University of Texas System or the University and that a further violation or violations of the regulations may result in more severe disciplinary action. The dean of students, the hearing officer or a majority of the SCB panel may impose conditions related to the offense, such as counseling, educational seminars, or unpaid work assignments. Failure to meet the condition(s) will be considered an additional violation.

d. "Disciplinary probation" is a specified period of time during which the student is required to comply with specified terms and conditions that include not engaging in further conduct that would violate a rule or regulation of The University Texas System or the University. A further violation or violations will result in consideration of suspension. The dean of students, the hearing officer or a majority of the SCB panel may impose conditions related to the offense, such as reporting to the dean of students on a regular basis, counseling, educational seminars, or unpaid work assignments. Failure to meet the condition(s) will be considered an additional violation.

e. "Academic integrity probation" is a specified period of time during which the student is required to comply with specified terms and conditions that include not engaging in further academic conduct that would violate a rule or regulation of The University Texas System or the University. A further

academic violation or violations during this time could result in the student's suspension or expulsion. The dean of students, the hearing officer or a majority of the SCB panel may impose conditions related to the offense, such as reporting to the dean of students on a regular basis, counseling, or educational seminars. Failure to meet the condition(s) will be considered an additional violation.

f. "Restitution" is reimbursement for damage to or misappropriation of University property. Reimbursement may take the form of appropriate service to repair or otherwise compensate for damages. Other than in extraordinary circumstances deemed necessary by the dean of students, the University will not facilitate restitution between individuals for conduct-related occurrences.

g. Suspension of rights and privileges is an elastic sanction. The dean of students or the hearing officer may impose limitations to fit the particular case, as in the suspension of rights and privileges to enter or reside in University housing facilities. Suspension of eligibility for official athletic and nonathletic extracurricular activities prohibits the student on whom it is imposed, during the period of suspension, from joining a registered student organization; from taking part in a registered student organization's activities or attending its meetings or functions; and from participating in an official athletic or nonathletic extracurricular activity.

h. A failing grade or other academic sanction may be assigned to a student for a class in which he or she is found to have violated the University's regulations regarding academic dishonesty.

i. A student found to have violated the University's regulations regarding academic dishonesty may be denied his or her degree. If the disciplinary process under this chapter is initiated while the accused student is completing required work for a degree but will not be resolved until after the completion of all required work for a degree, the accused student may be denied his or her degree until the completion of the disciplinary process.

j. Deferred suspension permits the sanction of suspension to be deferred for a student for who there are mitigating circumstances as determined by the dean of students, the hearing officer or a majority of the SCB panel. If a student is found to have violated any rule of the University or The University of Texas System while the sanction of deferred suspension is in effect, the sanction for such a violation will be immediate suspension except in extraordinary circumstances as deemed appropriate by the dean of students. The dean of students, the hearing officer, or a majority of the SCB panel may impose conditions related to the offense, and failure to meet such conditions will be considered an additional violation.

k. Suspension from the University prohibits the student on whom it is imposed, during the period of suspension, from entering the University campus without prior written approval of the vice president for student affairs, from being initiated into an honorary or service organization, and from receiving credit for academic work done during the period of the suspension. Suspension is noted on the official transcript during the term of suspension and shall remain until all conditions of the suspension are met. The notation can be removed upon the request of the student but only after the student's successful completion of the terms of the suspension. Suspension may also prohibit the student from being admitted to, enrolling at, or entering the campus of another component institution of The University of Texas System without prior written approval of the chief student affairs officer of the institution at which the student wishes to be present. The dean of students, the student's home department or school and/or the Office of the Registrar may, however, permit the student to receive credit for academic work completed at another institution during the period of suspension, except in cases where suspension is imposed for academic dishonesty. The dean of students, the hearing officer or a majority of the SCB panel may impose additional conditions or sanctions related to the alleged offense, and failure to meet such conditions or terms of the sanction will be considered an additional violation. Suspension from the institution and/or suspension of rights and privileges is the minimum sanction that will be assessed for violation of the rules against illegal use, possession, and/or sale of a drug or narcotic on campus.

l. Expulsion is a permanent separation from the University and prohibits the student on whom it is imposed from entering the University campus without prior written approval of the vice president for student affairs. Expulsion may prohibit the student from being admitted to, enrolling at, or entering the campus of another component institution of The University of Texas System without prior written approval of the chief student affairs officer of the institution at which the student wishes to be present. A permanent notation of expulsion will also be placed on the student's official transcript.

m. Revocation of the degree and withdrawal of the diploma may be imposed when the violation involves academic dishonesty or otherwise calls into question the integrity of the work required for the degree.

n. Other sanctions may be imposed when, in the opinion of the dean of students, the hearing officer or a majority of the SCB panel, the best interests of The University of Texas System or the University would be served.

## Subchapter 11–800. Appeal

### Sec. 11–801. Right to Appeal

a. The accused student may appeal a sanction assessed by a faculty member under subsection 11–505(c) to the president.

b. The accused student may appeal an administrative disposition by the dean of students under subsection 11-504(b) to the president or his or her designee.

c. The accused student may appeal a sanction assessed by the dean of students under subsection 11–504(c), 11–505(b), 11-505(c)(1) or 11-505(d) to the president.

d. Either the dean of students or the accused student may appeal a disciplinary decision issued by a hearing officer or a panel of the SCB under section 11–609 to the president.

e. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the dean of students office shall consult with the Title IX coordinator and, if applicable, the complainant before deciding whether or not to appeal the hearing officer's decision. In these cases, the complainant has the same, independent right to appeal the hearing officer's decision as does the accused student.

### Sec. 11–802. Appeal of Academic Sanctions Assessed by a Faculty Member

a. The accused student may appeal the sanction or sanctions assessed by a faculty member under subsection 11–505(c)(1) by submitting a written appeal to the president within fourteen days from the date on which the student signed the disciplinary decision. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument.

b. The appeal is restricted to the assessed sanction or sanctions.

c. The student must provide a copy of the written appeal to the dean of students on the same date the appeal is submitted to the president.

d. The dean of students may submit to the president a written response to the appeal and a copy of the disciplinary decision. These documents, if submitted, must be submitted no later than ten days after the president received the appeal. Appeals submitted after 5:00 pm will be received the next weekday. The dean of students must provide a copy of the documents to the accused student. The dean of students' submission of a response to the appeal will not extend the thirty-day period within which the action of the president will be communicated as outlined in subsection 11–802(f).

e. The appeal of the sanction or sanctions assessed by the faculty member will be reviewed solely on the basis of the disciplinary decision, the written argument of the student, and the response to the appeal submitted by the dean of students. Oral argument will not be considered.

f. The action of the president will be communicated in writing to the accused student and the dean of students within thirty days after the appeal has been received by the president. The decision of the president will be final.

## Sec. 11–803. Appeal of Administrative Disposition by the Dean of Students

a. An administrative disposition by the dean of students under subsection 11-504(a) is final and is not appealable.

b. The accused student may appeal an administrative disposition by the dean of students under subsection 11–504(b) by submitting a written appeal to the president or his or her designee within fourteen days from the date on which the student signed the disciplinary decision issued by the dean of students. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument.

c. The accused student may appeal only the sanction or sanctions assessed under subsection 11–504(c) or 11–505(d) by submitting a written appeal to the president within fourteen days from the date on which the student signed the disciplinary decision issued by the dean of students or received notice of an additional sanction. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument. The appeal is restricted to the assessed sanction or sanctions.

d. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may also appeal the sanctions assessed under 11-504(c) by submitting a written appeal to the president within fourteen days from the date on which the accused student signed the disciplinary decision issued by the dean of students or received notice of an additional sanction. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument. The appeal is restricted to the assessed sanction or sanctions.

e. The accused student must provide a copy of the written appeal to the dean of students on the same date the appeal is submitted to the president or his or her designee. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, upon receipt of the accused student's written appeal, the dean of students office shall provide a copy of the written appeal to the Title IX coordinator and, if applicable, the complainant.

f. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may submit a written response to the appeal to the president or his or her designee. The response, if any, must be submitted no later than five weekdays after the president received the appeal. The Office of the President will provide a copy of the response to the accused student.

g. The dean of students may also submit a written response to the appeal to the president or his or her designee. The response, if any, must be submitted no later than ten days after the president received the appeal. The dean of students must provide a copy of the response to the accused student. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall provide a copy to the Title IX coordinator and, if applicable, the complainant, of the written response to the appeal that is submitted to the president. The dean of students' submission of a response to the appeal to the president will not extend the thirty-day period within which the action of the president will be communicated as outlined in subsection 11–803(i).

h. The appeal of the sanction or sanctions assessed by the dean of students will be reviewed solely on the basis of the disciplinary decision, the written argument of the student, and the response to the appeal submitted by the dean of students. Oral argument will not be considered.

i. The action of the president or his or her designee will be communicated in writing to the accused student and the dean of students within thirty days after the appeal has been received by the president. The decision of the president or his or her designee will be final. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, upon receipt of the president's written decision, the dean of students shall promptly provide a copy of the decision to the Title IX coordinator and, if applicable, the complainant.

## Sec. 11–804. Appeal of the Decision of the Hearing Officer or the Student Conduct Board

a. Either the accused student or the dean of students may appeal the disciplinary decision of the hearing officer or a majority of the SCB panel issued under section 11–609 by submitting a written appeal to the president within fourteen days from the date the appealing party was notified of the disciplinary decision. Appeals submitted after 5:00 pm will be received the next weekday. If notice of the disciplinary decision is sent by mail, the date the disciplinary decision is mailed initiates the fourteen-day period. The written appeal must state the specific reasons for the appeal and must include any related argument. If either party appeals the disciplinary decision, the president may request that the hearing recording be transcribed; the transcript will be made available to both parties. If a court reporter was present during the hearing and prepares a written transcript immediately thereafter, the transcript is considered part of the hearing record and is made available to both parties.

b. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may also appeal the disciplinary decision of the hearing officer issued under section 11–609 by submitting a written appeal to the president within fourteen days from the date the appealing party was notified of the disciplinary decision. Appeals submitted after 5:00 pm will be received the next weekday. If notice of the disciplinary decision is sent by mail, the date the

disciplinary decision is mailed initiates the fourteen-day period. The written appeal must state the specific reasons for the appeal and must include any related argument. If either party appeals the disciplinary decision, the president may request that the hearing recording be transcribed; the transcript will be made available to both parties. If a court reporter was present during the hearing and prepares a written transcript immediately thereafter, the transcript is considered part of the hearing record and is made available to both parties.

c. If the accused student is the appellant, the student must provide the dean of students with a copy of the appeal submitted to the president on the same date the appeal is submitted to the president. If the dean of students is the appellant, the dean of students will give, e-mail, or mail a copy of the appeal to the accused student on the same day that the dean of students submits the appeal to the president. If the copy of the appeal is mailed or e-mailed, the dean of students will send it to an address listed in the registrar's records. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall provide a copy of an appeal submitted by either the accused student, the complainant or the dean of students to the Title IX coordinator and, if applicable, the accused student and the complainant.

d. Following submission of the appeal to the president, the non-appealing party may submit a written response to the president. The response, if any, must be submitted no later than ten days after the president received the appeal. The non-appealing party must provide a copy of the response to the other party. The response must be limited to and specifically related to the arguments originally submitted by the appealing party. New or additional information not specifically related to the original arguments submitted will not be considered on appeal. Submission of a response to the appeal will not extend the thirty-day period within which the action of the president will be communicated as outlined in subsection 11–804(h).

e. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall provide a copy of a written response to an appeal submitted by either the accused student, the complainant or the dean of students to the Title IX coordinator and, if applicable, the accused student and the complainant.

f. At the discretion of the president, both parties may present oral argument in an appeal of the disciplinary decision of the hearing officer or a majority of the SCB panel. Should oral argument be granted, the deadline described in subsection 11–804(h) may be extended at the discretion of the president. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the Title IX coordinator and, if applicable, the complainant shall be allowed to attend the presentation of oral argument to the president.

g. The appeal of the disciplinary decision of the hearing officer or a majority of the SCB panel will be reviewed solely on the basis of the hearing record. The dean of students will submit the record from the hearing to the president as soon as it is available to the dean of students.

h. The action of the president will be communicated in writing to the accused student and the dean of students within thirty days after the appeal has been received by the president. The decision of the president will be final. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, upon receipt of the president's written decision, the dean of students shall provide a copy of the decision to the Title IX coordinator and, if applicable, the complainant.

### Sec. 11–805. President's Authority
The president may approve, reject, or modify the disciplinary decision or sanction(s) in question or may require that the original hearing be reopened for the presentation of additional evidence and reconsideration of the disciplinary decision. It is provided, however, that upon a finding of responsibility in a case involving the illegal use, possession, and/or sale of a drug or narcotic on campus, the sanction is prescribed by subsection 11–703(j).

### Sec. 11–806. Effect of Appeal Upon Disciplinary Action
A timely appeal suspends the imposition of the sanction or sanctions until the appeal is final, but any interim action issued in accordance with 11-502 will remain in effect while the appeal is being considered. Official transcripts, diplomas, grades, or degrees may also be withheld pending conclusion of the appeal as permitted by subsection 11–703(a).

## Subchapter 11–900. Disciplinary Records

### Sec. 11–901. Details of Disciplinary Records

a. The definition of a disciplinary record is listed in subchapter 9-300 and Section 11-300(g). Disciplinary records are confidential and may not be disclosed in whole or part except as provided in subchapter 9–300 of the *Institutional Rules*.

b. The disciplinary record will be separate from the student's academic record, will be confidential, and will not be revealed except on request of the student or in accordance with applicable state and federal law, or as otherwise provided in subchapter 9-300.

### Sec. 11–902. Notice to Administrative Offices

a. The dean of students will notify the Office of the Registrar and other appropriate administrative offices if a disciplinary sanction restricts a student from being enrolled at the University during the period of the sanction. A bar may be imposed by the dean of students if one of the following sanctions has been assessed because of violation of a Regents' *Rule* or University rule or regulation:
   1. bar against readmission;
   2. suspension from the University; or
   3. expulsion from the University.

b. The dean of students will notify the Office of the Registrar and other appropriate administrative offices if any of the sanctions of withholding grades, withholding official transcript or degree, denial of degree, or revocation of degree and withdrawal of diploma are imposed.

# Appendix D - Policy on Sex Discrimination, Sexual Harassment, Sexual Assault, Sexual Misconduct, Interpersonal Violence and Stalking

## I Policy Statement

It is the policy of The University of Texas at Austin ("University") to provide an educational and working environment for its students, faculty, and staff that is free from sex and gender discrimination, sexual harassment, sexual assault, sexual misconduct, interpersonal violence (including domestic violence and dating violence), and stalking. In accordance with federal and state law, the University prohibits discrimination on the basis of sex and gender and prohibits sexual harassment, sexual assault, sexual misconduct, interpersonal violence, and stalking.

The University will not tolerate sex and/or gender discrimination (including discrimination on the basis of gender orientation, gender identity or gender expression), sexual harassment, sexual misconduct or physical abuse, threats of violence, physical assault, or any form of sexual violence, including but not limited to sexual assault, acquaintance rape, domestic violence, dating violence, or stalking (collectively or singly referred to as "prohibited conduct"). Individuals who alone, or in concert with others, participate or attempt to participate in prohibited conduct described in this policy are subject to disciplinary action by the University, notwithstanding any action that may or may not be taken by civil or criminal authorities. Students who engage in such prohibited conduct will be subject to disciplinary action as provided in Appendix C (p. 35) (Chapter 11, *Student Discipline and Conduct*).

**Note**: Students who are also employees of the University may also be subject under the *Handbook of Operating Procedures* (HOP) for the same conduct described in this policy (e.g., HOP 3-3031 (http://www.policies.utexas.edu/policies/prohibition-sexual-discrimination-sexual-harassment-sexual-assault-sexual-misconduct) and HOP 8-1010 (http://www.policies.utexas.edu/policies/prohibition-campus-violence)).

The University encourages affected individuals to promptly report incidents of sex and gender discrimination, sexual harassment, sexual assault, sexual misconduct, interpersonal violence, and stalking as provided in this policy. The University also encourages individuals who may have witnessed instances of prohibited conduct to report such information as outlined in this policy.

Responsible Employees of the University (as defined below) are required to promptly report incidents of prohibited conduct. The University will respond to all reports made under this policy. The University will conduct a prompt, fair, and impartial investigation and resolution for complaints and, where appropriate, issue remedial measures and/or sanctions.

## II Scope

This policy applies to all University students and employees, visitors, applicants for admission to or employment with the University, as well as University affiliates and others conducting business on campus.

In addition to incidents that occur on the University campus, the University may take disciplinary action in response to incidents that take place during official functions of the University or functions sponsored by registered student organizations, or incidents that have a substantial connection to the interests of the University regardless of the location in which the incident(s) occur.

The standard of evidence that will be used in investigating and adjudicating complaints made under this policy is the "**preponderance of the evidence**" standard. This standard is met if the allegation is deemed more likely to have occurred than not. Proceedings under this policy and Chapter 11, Appendix C (p. 35) of the *General Information Catalog* will provide a prompt, fair, and impartial investigation and resolution of complaints.

## III Definitions

For purposes of this policy, the definitions below apply. However, some of these terms are also defined under federal and/or Texas State law. For more information regarding state law definitions, please refer to Section XIII of this policy.

**Complaint**: A signed document or other report, including verbal reports alleging a violation of this policy.

**Complainant**: A person who submits a complaint alleging a violation of this policy.

**Consent**: A voluntary, mutually understandable agreement that clearly indicates a willingness to engage in each instance of sexual activity. Consent to one act does not imply consent to another. Past consent does not imply future consent. Consent to engage in sexual activity with one person does not imply consent to engage in sexual activity with another. Consent can be withdrawn at any time. Any expression of an unwillingness to engage in any instance of sexual activity establishes a presumptive lack of consent.

Consent is not effective if it results from: (a) the use of physical force, (b) a threat of physical force, (c) intimidation, (d) coercion, (e) incapacitation, or (f) any other factor that would eliminate an individual's ability to exercise his/her own free will to choose whether or not to engage in sexual activity.

An individual's manner of dress or the existence of a current or previous dating or sexual relationship between two or more individuals does not, in and of itself, constitute consent to engage in a particular sexual activity. Even in the context of a relationship, there must be a voluntary, mutually understandable agreement that clearly indicates a willingness to engage in each instance of sexual activity.

**Incapacitation**: A state of being that prevents an individual from having the capacity to give consent. For example, incapacitation could result from the use of drugs or alcohol, a person being asleep or unconscious, or because of an intellectual or other disability.

**Interpersonal Violence:** An offense that meets the definition of domestic violence or dating violence.

> **Domestic Violence:** Abuse or violence committed by a current or former spouse or intimate partner of the complainant, by a person with whom the complainant shares a child in common, by a person with whom the complainant is cohabitating (or has cohabited) with a spouse or intimate partner, by a person similarly situated to a spouse of the complainant under the domestic or family violence laws of the State of Texas, or by any other person against an adult or youth victim who is protected from that person's acts under the domestic or family violence laws of the State of Texas.

> **Dating Violence:** Abuse or violence committed by a person who is or has been in a social relationship of a romantic or intimate nature with the complainant. The existence of such a relationship shall be determined based on the complainant's statement and with consideration of the type and length of the relationship and the frequency of interaction between the persons involved in the relationship. Two people may be in a romantic or intimate relationship regardless of whether the relationship is sexual in nature; however, neither a casual acquaintance nor ordinary fraternization between two individuals in a business or social context shall constitute a romantic or intimate relationship. This definition does not include acts covered under domestic violence.

**Respondent:** The person designated to respond to a complaint. Generally, the respondent is the person alleged to be responsible for the prohibited conduct alleged in a complaint.

**Responsible Employee:** Pursuant to Title IX, a Responsible Employee is a University employee who has the authority to take action to redress an alleged violation of this policy who has been given the duty of reporting such allegations to the University Title IX Coordinator or designee, or an employee whom an individual could reasonably believe has this authority or duty.

At the University of Texas at Austin, Responsible Employees include, but are not limited to:

- administrators
- academic advisors
- coaches, and other athletic staff who interact directly with students
- faculty members, including professors, adjuncts, lecturers, associate/assistant instructors (AIs), and teaching assistants (TAs)
- graduate research assistants
- residence life directors
- resident assistants
- all supervisory staff

> Responsible Employees have a *duty* to promptly report incidents of sex discrimination, sexual harassment, sexual assault, sexual misconduct, interpersonal violence, and stalking to the University Title IX Coordinator or a Deputy Title IX Coordinator. Responsible Employees are not confidential reporting resources.

**Retaliation:** Any action that adversely affects the academic, employment, or other institutional status of a student or employee of the University, visitor, applicant for admission to or employment with the University, because an individual has, in good faith, brought a complaint under this policy, opposed an unlawful practice, participated in an investigation, or requested accommodations. Examples of retaliation include but are not limited to: denial of promotion, non-selection/refusal to hire, denial of job benefits, demotion, suspension, discharge, threats, reprimands, negative evaluations, harassment, or other adverse treatment that is likely to deter reasonable people from pursuing their rights. Retaliation is strictly prohibited and will not be tolerated.

**Sex Discrimination:** Conduct directed at a specific individual or a group of identifiable individuals that subjects the individual or group to treatment that adversely affects the individual or group's employment or education on the basis of sex (gender).

**Sexual Assault:** An offense that meets the definition of rape, fondling, incest, or statutory rape.

**Rape:** The penetration, no matter how slight, of the vagina or anus with any body part or object, or oral penetration by a sex organ of another person, without the consent of the complainant.

**Fondling:** The touching of the private body parts of another person for the purpose of sexual gratification, without the consent of the complainant, including instances where the complainant is incapable of giving consent because of his/her age or because of his/her temporary or permanent mental incapacity.

**Incest:** Sexual intercourse between persons who are related to each other within the degrees wherein marriage is prohibited by law.

**Statutory Rape:** Sexual intercourse with a person who is younger than 17 years of age and is not a spouse of the respondent.

> **Sexual Harassment:** Unwelcome conduct of a sexual nature. Sexual harassment is a form of sex discrimination that can occur when

- the submission to unwelcome physical conduct of a sexual nature, or to unwelcome requests for sexual favors or other verbal conduct of a sexual nature, is made an implicit or explicit term or condition of employment or education;
- the submission to or rejection of unwelcome physical conduct of a sexual nature, or unwelcome requests for sexual favors or other verbal conduct of a sexual nature, is used as a basis for academic or employment decisions or evaluations;
- unwelcome physical acts of a sexual nature, or unwelcome requests for sexual favors or other verbal conduct of a sexual nature, that have the effect of creating an objectively hostile environment that substantially interferes with employment or education on the basis of sex; or

- such conduct is intentionally directed towards a specific individual and has the purpose or effect of unreasonably interfering with that individual's education, employment, or participation in University activities, or creating an intimidating, hostile, or offensive atmosphere.

Sexual harassment may include:

1. Sexual violence, as defined under the Texas Penal Code, which includes rape, sexual assault, sexual battery, and sexual coercion.

2. Physical conduct that, depending on the totality of the circumstances present, including frequency and severity, may constitute sexual harassment includes but is not limited to

- unwelcome intentional touching; or
- deliberate physical interference with or restriction of movement.

3. Verbal conduct, including oral, written, or symbolic expression, that, depending on the totality of the circumstances present, including frequency and severity, may constitute sexual harassment includes, but is not limited to

- explicit or implicit propositions to engage in sexual activity;
- gratuitous comments, jokes, questions, anecdotes, or remarks of a sexual nature about clothing or bodies;
- gratuitous remarks about sexual activities or speculation about sexual experiences;
- persistent, unwanted sexual or romantic attention;
- subtle or overt pressure for sexual favors;
- exposure to sexually suggestive visual displays such as photographs, graffiti, posters, calendars, or other materials; or
- deliberate, repeated humiliation, or intimidation based upon sex.

This policy applies only to verbal conduct that is not necessary to an argument for or against the substance of any political, religious, philosophical, ideological, or academic idea.

**Sexual Misconduct:** Behavior or conduct of a sexual nature that is unprofessional and/or inappropriate for the educational and/or working environment. Behaviors that may constitute sexual misconduct include, but are not limited to

- repeatedly engaging in sexually oriented conversations, comments, or horseplay, including the use of language or the telling of jokes or anecdotes of a sexual nature in the workplace, office, or classroom, even if such conduct is not objected to by those present;
- gratuitous use of sexually oriented materials not directly related to the subject matter of a class, course, or meeting, even if not objected to by those present;
- failure to observe the appropriate boundaries of the supervisor/subordinate or faculty member/student relationship, including the participation of a supervisor, teacher, advisor, or coach in an unreported consensual romantic or sexual relationship with a subordinate employee or student; or
- engaging in any form of sexual exploitation. Sexual exploitation occurs when an individual takes non-consensual or abusive sexual advantage of another for his or her own benefit or to benefit anyone other than the one being exploited. Examples of sexual exploitation include, but are not limited to, engaging in voyeurism; forwarding of pornographic or other sexually inappropriate material by email, text, or other channels to non-consenting students/groups; and any activity that goes beyond the boundaries of consent, such as recording of sexual activity, letting others watch consensual sex, or knowingly transmitting a sexually transmitted disease (STD) to another.

**Stalking:** A course of conduct directed at a specific person that would cause a reasonable person to fear for his/her own safety or the safety of others or would cause that person to suffer substantial emotional distress. A "course of conduct" means two or more acts in which a person directly, indirectly or through third parties, by any action, method, device or means, follows, monitors, observes, surveils, threatens or communicates to or about a person or interferes with a person's property. "Reasonable person" means a reasonable person under similar circumstances and with similar identities to the complainant. "Substantial emotional distress" means significant mental suffering or anguish that may, but does not necessarily, require medical or other professional treatment or counseling.

## IV Prohibition on Retaliation

Retaliation against a person who reports a potential violation under this policy, assists someone with a report of a violation, or participates in any manner in an investigation or in the resolution of a complaint made under this policy is strictly prohibited and will not be tolerated. Retaliation includes but is not limited to threats, intimidation, reprisals and/or adverse actions related to an individual's employment or education. The University will take appropriate steps to assure that a person who in good faith reports, complains about, or participates in an investigation pursuant to this policy will not be subjected to retaliation. Individuals who believe they are experiencing retaliation are strongly encouraged to file a complaint with the University using the same procedure outlined in Section VIII of this policy.

## V Support Services

Any University student who requires assistance with classes, living arrangements, and/or University-provided support services and referrals as a result of an alleged violation of this policy is encouraged to visit the Office of the Dean of Students, Student Emergency Services (SES) for additional information. SES staff can assist students with the various reporting options and support services that may be available to them.

If a student believes he/she has experienced conduct prohibited under this policy, the student may also contact the University Title IX Coordinator or a Deputy Title IX Coordinator for additional assistance and information. A student who would like to report an alleged sexual assault, interpersonal violence (including domestic violence and dating violence) and/or stalking to the police and would like the University Title IX

Coordinator or a Deputy Title IX Coordinator to accompany him/her to provide support during the reporting process, should contact the University Title IX Coordinator or a Deputy Title IX Coordinator via one of the following methods:

**University Title IX Coordinator**
University Compliance Services
512-232-3992
titleix@austin.utexas.edu (email)
www.utexas.edu/student-affairs/policies/title-ix

**Deputy Title IX Coordinator for Faculty/Staff**
Office of Institutional Equity
512-471-1849
equity@utexas.edu (email)
www.utexas.edu/student-affairs/policies/title-ix

**Deputy Title IX Coordinator for Students**
Student Emergency Services
Office of the Dean of Students
512-471-5017
studentemergency@austin.utexas.edu (email)
www.utexas.edu/student-affairs/policies/title-ix

A student may also contact the following external, federal or state agencies:

**U.S. Department of Education (Office for Civil Rights)**
1999 Bryan Street, Suite 1620
Dallas, TX 75201-6810
214-661-9600
214-661-9587 (fax)
OCR.Dallas@ed.gov

**U.S. Equal Employment Opportunity Commission**
Legacy Oaks, Building A
Suite 200
San Antonio, TX 78229
1-800-669-4000
210-281-7690 (fax)
www.eeoc.gov (http://www.eeoc.gov)

**Texas Workforce Commission**
Civil Rights Division
101 E. 15th Street
Room 144-T
Austin, TX 78778-0001
512-463-2642
www.twc.state.tx.us (http://www.twc.state.tx.us)

VI **Use of Drugs and Alcohol**

Any student who files a complaint, or who acts as a third-party witness in an investigation under this policy, will not be subject to disciplinary action by the Office of the Dean of Students for using and/or consuming alcohol or drugs at or near the time of the alleged incident, provided that any such alcohol or drug use did not, and do not, place the health or safety of any other person at risk.

VII **Confidentiality and Anonymity**

Individuals wishing to remain anonymous can file a complaint (by telephone or in writing) with the University Title IX Coordinator or a Deputy Title IX Coordinator. However, electing to remain anonymous may greatly limit the University's ability to investigate an alleged incident, collect evidence, and/or take effective action against individuals or organizations accused of violating this policy.

The University has an obligation to maintain an environment free of sex discrimination, thus many University employees have mandatory reporting and response obligations and may not be able to honor a complainant's request for confidentiality. In the event confidentiality cannot be maintained, the University will share information only as necessary and only with people who need to know to fulfill the purposes of this policy and applicable law, such as investigators, witnesses, administrators, and the respondent. The University will comply with the Family Educational Rights and Privacy Act (FERPA), with Texas Education Code Section 51.971 (http://www.statutes.legis.state.tx.us/Docs/ED/htm/ED.51.htm#51971) and other confidentiality laws as they apply to Title IX investigations.

Complainants who want to discuss a complaint in strict confidence may use the confidential support resources described in this policy in Section XII.

## VIII Complaint and Investigation

The University strongly encourages the prompt reporting of prohibited conduct covered by this policy. Delays in reporting can greatly limit the University's ability to stop the alleged conduct, collect evidence and/or take effective action against individuals or organizations accused of violating this policy. A report of alleged violations of this policy may be made by

- a person who believes they experienced prohibited conduct (a complainant); and/or
- a person who has information that prohibited conduct may have been committed (a reporter).

Once a report of prohibited conduct is received, the University will respond promptly and investigate the report in a fair and impartial manner. Where appropriate, the University will enact interim measures. The University will handle reports of prohibited conduct consistently with procedural guidelines developed to ensure prompt and equitable resolution of such reports. If a complainant chooses not to participate in the University's investigation of a report, the University may, at its discretion, pursue the report without the complainant's participation.

The purpose of an investigation, which includes interviewing the parties and witnesses, is to gather and assess evidence. The standard of evidence that will be used in investigating and adjudicating complaints made under this policy is the **"preponderance of the evidence"** standard. This standard is met if the allegation is deemed more likely to have occurred than not. All investigators shall have appropriate and ongoing training regarding issues related to domestic violence, dating violence, sexual assault, sexual misconduct and stalking, as well as, on how to conduct an investigation that protects the safety of complainants and promotes accountability.

Possible outcomes of an investigation include: (1) a finding that the allegations are not warranted or could not be substantiated; or (2) a finding that the allegations are substantiated and constitute a violation of the policy.

Complaints Against UT Students
Individuals may report an alleged violation of this policy by a University student to the University Title IX Coordinator, or a Deputy Title IX Coordinator, the Office of the Dean of Students, or to any Responsible Employee listed below which includes, but is not limited to:

- administrators
- academic advisors
- coaches, or other athletic staff who interact directly with students
- faculty members, including professors, adjuncts, lecturers, associate/assistant instructors (AIs), and teaching assistants (TAs)
- graduate research assistants
- residence life directors
- resident assistants
- all supervisory staff

Responsible Employees are in turn required to promptly notify the University Title IX Coordinator or a Deputy Title IX Coordinator of the reported incident. Responsible Employees are not confidential reporting resources.

Depending on the respondent's relationship with the University, the investigation will be managed by the Office of the Dean of Students - Student Judicial Services or the Office of Institutional Equity according to their respective procedures.

Student Judicial Services processes complaints of violations of this policy as provided in Appendix C (p. 35), Chapter 11, *Student Discipline and Conduct*.

Students may report a violation of this policy by contacting Student Judicial Services in the Office of the Dean of Students. Incidents may be reported to Student Judicial Services by completing the online referral form available at the Web site (http://deanofstudents.utexas.edu/sjs) or by visiting the Office of the Dean of Students, located on the 4th floor of the Student Services Building (SSB), in room 4.104. If you would like to first consult with a staff member before reporting the incident to the Office of the Dean of Students please contact Student Judicial Services at 512-471-2841 or by email. A student may file a complaint with Student Judicial Services regardless of whether or not he/she chooses to file a report with the appropriate law enforcement agency.

A student may also file a complaint against another University student with the University Title IX Coordinator.

Investigation of a UT student:
Student Judicial Services processes complaints of violations of this policy as provided in Appendix C (p. 35), Chapter 11, *Student Discipline and Conduct*.

Complaints against a UT faculty or staff member:
Students may report an alleged violation of this policy by a University employee, including faculty, staff, and student employees, as well as visitors, or contractors to the University Title IX Coordinator or a Deputy Title IX Coordinator, the Office of Institutional Equity, or to any Responsible Employee listed below which includes but is not limited to:administrators

- academic advisors
- coaches, or other athletic staff who interact directly with students
- faculty members, including professors, adjuncts, lecturers, associate/assistant instructors (AIs), and teaching assistants (TAs)
- graduate research assistants

- residence life directors
- resident assistants
- all supervisory staff

Responsible Employees are in turn required to promptly notify the University Title IX Coordinator or a Deputy Title IX Coordinator of the reported incident. Responsible Employees are not confidential reporting resources.

Students may also contact the Office of the Dean of Students; however, the Office of the Dean of Students will refer such complaints to the Office of Institutional Equity for investigation. The Office of Institutional Equity is required to promptly notify the University Title IX Coordinator or a Deputy Title IX Coordinator of the reported incident. The Office of Institutional Equity may be contacted directly at 512-471-1849 or the Web site (http://www.utexas.edu/equity).

Investigation of a UT faculty or staff member:
The Office of Institutional Equity processes complaints of violations of this policy as provided in its *Procedure and Practice Guide.*

## IX  Ongoing Training

The University's commitment to raising awareness of the harm resulting from the conduct prohibited in this policy includes offering ongoing education to both employees and students. In addition, the University Title IX Coordinator, Deputy Title IX Coordinators, investigators, and hearing officers receive training each academic year about offenses, investigatory procedures, due process requirements, conducting a hearing and University policies related to or described in this policy. The University is committed to protecting the safety of complainants and the due process of rights of all students, and promoting accountability.

## X  Academic, Living, Travel, or Work Accommodation(s)

In some instances, when a student reports an alleged violation of this policy to the University, the University may take emergency action to protect the emotional health or physical safety of the reporting student and/or of the larger University community. For example, a student who lives on campus may be moved to another campus living environment if he/she chooses or may be allowed to drop a class. Such arrangements will be facilitated through the Office of the Dean of Students and/or other appropriate University officials and all decisions will be based upon the evidence then available.

## XI  Interim Measures and Final Sanctions for Students

Interim measures. If the University receives evidence indicating a respondent presents a continuing danger to people or property or poses an ongoing threat of disrupting the academic process, the Office of the Dean of Students or other appropriate University official may take immediate interim disciplinary action against the respondent pending a final determination of an alleged violation of this policy. Such protective/interim measures may include, but are not limited to, suspending the right of the student to be present on campus (including living in campus residence halls) and to attend classes, and otherwise altering the status of the student. Other protective measures may be implemented given the respondent's relationship with the University.

Final sanctions. In the event a final determination is made that the respondent is responsible for violating this policy, the University may impose any of the sanctions authorized in Appendix C (p. 35), Chapter 11, Section 11-701, *Student Discipline and Conduct.*

## XII  Options and Resources

Below is a list of educational and preventive programs and support services on and off campus that provide information relating to sexual assault, interpersonal violence (including domestic violence and dating violence), and stalking. Brochures and other printed materials are available from each office. Additional information may be obtained by calling the numbers or visiting the websites listed below.

- **Police and Medical Resources**

  A student who experiences any form of sexual assault is **strongly encouraged** to seek immediate medical care. Students may undergo a medical exam to properly collect and preserve physical evidence of the sexual assault with or without the police's involvement. It is important to preserve forensic and other physical evidence that may assist in proving that the alleged criminal offense occurred and such evidence may be helpful in obtaining a protective order against the respondent. Therefore, a medical exam should be performed immediately after the event, if possible. If a medical exam is not or cannot be performed immediately after the event, students may still obtain a Sexual Assault Forensic Exam (SAFE) within five (5) days of the sexual assault if law enforcement is involved and within four (4) days if they are not. With the student's consent, the physical evidence collected during this medical exam can be used as part of a criminal investigation; however, a student may undergo a SAFE regardless of whether he/she has contacted, or intends to contact, the police. To obtain a SAFE exam, contact SafePlace at 512- 267-SAFE. For additional information, see the Sexual Assault Legal Services & Assistance Web site (http://www.hopelaws.org). A student may also seek an exam from their own physician.

  The cost of the forensic portion of the exam is covered by the law enforcement agency that is investigating the assault or, in cases where a report will not be made to the police, the Texas Department of Public Safety. This does not include fees related to medical treatment that are not a part of the SAFE. For more information about financial resources for UT students, please see the information about Voices Against Violence and Student Emergency Services below.

  **Reporting an assault to law enforcement does not mean that the case will automatically go to criminal trial or to a University disciplinary hearing.** If the police are called, a uniformed officer will be sent to the scene to take a detailed statement. A ride to the hospital

may be provided by a police department counselor. A report may be filed with the police regardless of whether or not the accused was a UT student.

If a decision is made to make a report to the police, it is important to note that police jurisdictions depend on where the sexual assault occurred.

If the alleged incident occurred on campus, a report may be filed with the UT Police Department (UTPD) by calling 512- 471-4441, enter "9" (for non-emergencies) or in person at UTPD headquarters at 2201 Robert Dedman Drive, Austin, TX 78705 (across from the Manor Garage and Darrell K Royal-Texas Memorial Stadium).

If the alleged incident occurred in Austin but off-campus, a report may be filed with the Austin Police Department (APD), regardless of time elapsed since the assault occurred. If a report is made to the police, a uniformed officer will be dispatched to the location to make a written report.

- Emergency: 911
- Victim Services (bilingual operators available): 512-974-5037
- Relationship violence (Family Protection Team): 512-974-8535
- Non-emergency stalking reports: 311

A student who has experienced a sexual assault is strongly encouraged to seek medical and psychological care regardless of whether he/she intends to request a SAFE or report the assault to the police. He/she may be prescribed medications to prevent sexually transmitted infections and/or pregnancy regardless of whether the police were contacted or a SAFE was performed. Medical care can be provided at University Health Services, at a local emergency room, or by a private physician. Psychological support can be provided by the UT Counseling and Mental Health Center, SafePlace, or by a care provider of the student's choosing.

UHS Nurse Advice Line is staffed 24 hours a day, every day of the year. Students may call 512- 475-6877 (NURS) for free advice and guidance about health-related questions.

A student who experiences any form of sexual assault may pursue any civil or criminal remedies provided by state law. A student does not need to file a criminal police report to either use on or off-campus resources or to file a complaint with the Office of the Dean of Students.

- **Confidential On-Campus Resources**
  If a student would like the details of the incident to remain confidential, he/she should speak with a campus mental health counselor, campus health service providers or off-campus rape crisis resources who can maintain confidentiality. Campus counselors may be seen on an emergency basis.

  **Counseling and Mental Health Center**
  512- 471-3515
  http://cmhc.utexas.edu/

- Provides information about safety, legal, housing, academic, and medical options and manages the Voices Against Violence Survivor Emergency Fund
- Offers individual and group counseling service
- Operates 24 hour telephone counseling service at 512- 471-CALL (471-2255)

  **University Health Services**
  Appointments: 512- 471-4955
  http://healthyhorns.utexas.edu/
  Nurse Advice Line 512-475-NURS (475-6877)

- Provides general exams to treat injuries, both internal and external
- **Non-Confidential On-Campus Resources (with Title IX Reporting Obligations)**
  You are **strongly encouraged** to report an alleged violation of this policy to a University "Responsible Employee" (for example, an administrator, faculty member, supervisory staff, coach or other athletic staff who interact directly with students, residence life director, resident assistant, academic advisor, graduate research assistant or teaching assistant). When a Responsible Employee is informed of an alleged violation of this policy, the Responsible Employee is required to notify the University Title IX or Deputy Title IX Coordinator of the allegation. The University takes reports of alleged violations of this policy very seriously and will investigate such allegations. Formal reporting to a Responsible Employee means that only people who need to know of the alleged violation will be informed, and such information will be shared only as necessary with relevant University employees, witnesses, and the accused individual.

**University Title IX Coordinator**
University Compliance Services
512-232-3992
titleix@austin.utexas.edu
www.utexas.edu/student-affairs/policies/title-ix

**Deputy Title IX Coordinator for Faculty/Staff**

Office of Institutional Equity
512-471-1849
www.utexas.edu/student-affairs/policies/title-ix

**Deputy Title IX Coordinator for Students**
Student Emergency Services
Office of the Dean of Students
512-471-5017
www.utexas.edu/student-affairs/policies/title-ix

**Student Emergency Services**
512- 471-5017
http://deanofstudents.utexas.edu/emergency/

- May provide limited emergency funds
- Assists with academic issues
- Provides referrals within the University and in the Austin area when necessary
- Serves as an advocate for students while working with other campus departments

**Student Judicial Services**
512- 471-2841
http://deanofstudents.utexas.edu/sjs/

- Provides information about how the University's investigation and student disciplinary process works
- Investigates allegations that a student respondent may have violated University policy and administers the University disciplinary process
- Issues no contact directives to students involved in a complaint

**University of Texas Police Department**
512- 471-4441, enter "9" (for non-emergencies)
http://www.utexas.edu/police/

- Offers crime prevention presentations that include issues related to assault
- Publishes crime statistics information
- Teaches free Rape Aggression Defense (RAD) classes to University students, staff members, and faculty members

**Behavior Concerns Advice Line (BCAL)**
512- 232-5050
https://www.utexas.edu/safety/bcal/

- Allows members of the University community to discuss their concerns about an individual's behavior
- Offers a centralized resource that is available twenty-four hours a day for anyone who is not sure how to help a person he or she is concerned about
- Operates as a partnership between the Office of the Dean of Students, the Counseling and Mental Health Center, the Employee Assistance Program, and the University of Texas Police Department

**New Student Services**
512- 471-3304
http://deanofstudents.utexas.edu/nss/

- Provides programs to raise awareness of sexual assault on campus and resources for prevention and support
- Trains Orientation advisors about issues related to sexual assault and interpersonal violence
- Gives all freshmen who attend Orientation a wallet card highlighting important campus and local resources

**Sorority and Fraternity Life**
512- 471-9700
http://deanofstudents.utexas.edu/sfl/

- Conducts educational workshops for individual fraternities and sororities
- Provides sexual assault education to all incoming pledges

**Student Ombuds Services**
512-471-3825
http://www.utexas.edu/students/ombuds

- Provides information about University resources and University processes

**University Residence Halls**
512- 471-8631

http://www.utexas.edu/student/housing/

- Trains resident assistants on issues related to sexual assault
- Includes discussion of issues related to sexual assault in floor meetings
- Offers educational programs in the residence halls
- Publishes an online safety handbook
- Offers individual and group support and follow-up

- <u>**Austin Community Resources**</u>
  **SafePlace**
  512- 267-SAFE
  http://www.safeplace.org/

- Operates a twenty-four-hour hotline
- Helps individuals who have experienced a sexual assault navigate the forensic medical exam
- Offers individual and group therapy for individuals who have experienced sexual assault and/or domestic violence
- Provides domestic violence shelter services

  **Austin Police Department**
  911
  http://www.austintexas.gov/department/police

- 911 provides emergency response and takes reports of sexual assaults
- Offers Victim Services counselors at 512- 974-5037

  **St. David's Hospital Emergency Room**
  512- 544-4240
  http://www.stdavids.com/locations-facilities/st-davids-medical-center.aspx

- Operates emergency room, located at 919 East 32nd Street, Austin, TX 78705
  **University Medical Center Brackenridge – Seton**
  512- 324-7000
  http://www.seton.net/locations/brackenridge/

- Operates emergency room, located at 601 East 15th Street, Austin, TX 78701

## XIII State Law Definitions

If a person would like to press criminal charges for an alleged violation of any of the below criminal laws, or would like to seek an order of protection, the definitions contained in the Texas Penal Code would apply; not the internal definitions used in this policy.

**Dating Violence:** "an act, other than a defensive measure to protect oneself, by an individual that is committed against a victim with whom the actor has or has had a dating relationship; or because of the victim's marriage to or dating relationship with an individual with whom the actor is or has been in a dating relationship or marriage; and is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the victim in fear of imminent physical harm, bodily injury, assault, or sexual assault. 'Dating relationship' means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. The existence of such a relationship shall be determined based on consideration of the length of the relationship; the nature of the relationship; and the frequency and type of interaction between the persons involved in the relationship. A casual acquaintanceship or ordinary fraternization in a business or social context does not constitute a 'dating relationship.'" Texas Family Code Section 71.0021 (http://www.statutes.legis.state.tx.us/Docs/FA/htm/ FA.71.htm#710021).

**Domestic (Family) Violence:** "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself, or abuse by a member of a family or household toward a child of the family or household, or dating violence." Texas Family Code Section 71.004 (http://www.statutes.legis.state.tx.us/ Docs/FA/htm/FA.71.htm#71004).

**Sexual Assault:** "a person commits an offense if the person (1) intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or (2) intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means; causes the penetration of the mouth of a child by the sexual organ of the actor; causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

A sexual assault is without the consent of the other person if: the actor compels the other person to submit or participate by the use of physical force or violence; the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and

the other person believes that the actor has the present ability to execute the threat; the other person has not consented and the actor knows the other person is unconscious or physically unable to resist; the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it; the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring; the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge; the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat; the actor is a public servant who coerces the other person to submit or participate; or the actor is a mental health services provider or a health care services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor. 'Child' means a person younger than 17 years of age. 'Spouse' means a person who is legally married to another." Texas Penal Code Section 22.011 (http://www.statutes.legis.state.tx.us/Docs/PE/htm/PE.22.htm#22011).

**Stalking:** "a person who, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct that: (1) the person knows or reasonably believes the other person will regard as threatening including bodily injury or death for the other person, bodily injury or death for a member of the other person's family or household or for an individual with whom the other person has a dating relationship, or fear that an offense will be committed against the other person's property, and (2) causes the other person, a member of the other person's family or household, or an individual with whom the other person has a dating relationship to be placed in fear of bodily injury or death or fear that an offense will be committed against the other person's property, and (3) would cause a reasonable person to fear bodily injury or death for himself or herself, or bodily injury or death for a member of the person's family or household or for an individual with whom the person has a dating relationship, or fear that an offense will be committed against the person's property. A fact finder may find that different types of conduct described above, if engaged in on more than one occasion, constitute conduct that is engaged in pursuant to the same scheme or course of conduct." Texas Penal Code Section 42.072 (http://www.statutes.legis.state.tx.us/Docs/PE/htm/PE.42.htm#42072).

## XIV Questions

Questions regarding this policy should be directed to the University Title IX Coordinator in University Compliance Services, the Office of the Dean of Students, or the Office of Institutional Equity.

# What to Expect as a Respondent During the Title IX Investigation Process

Title IX is a segment of the Education Amendments of 1972 that prohibits exclusion or discrimination on the basis of gender from any federal funded education program or activity. Title IX Training and Investigations in the Office of the Dean of Students (Investigations) at The University of Texas at Austin is obligated to thoroughly investigate all allegations of Title IX violations. This includes allegations of sex discrimination, sexual harassment, sexual violence and sexual misconduct.

## Investigator Role:

- Two investigators serve as neutral third-party administrators who will determine the facts involved in the case and whether a violation of the University's *Institutional Rules on Student Services and Activities (Institutional Rules)*, and/or University policy occurred.
- Our main goal is to gather factual information through the course of this investigation. We will ask difficult questions, which at times may feel uncomfortable and may lead you to question the integrity of the process.
- If it is determined that a violation of the *Institutional Rules* and/or University policy occurred, the investigators will refer the matter to Student Conduct and Academic Integrity in the Office of the Dean of Students (Student Conduct) for disciplinary action.

## Title IX Investigation Process:

- The investigators will meet with the Complainant, Respondent and Witnesses as part of the investigation.
- A *No Contact Directive* will be issued through the duration of the investigation process and can remain in place once the investigation is completed.
- All parties involved will have an equal opportunity to discuss their knowledge of the situation, and provide any relevant documentation and names of witnesses pertaining to the matter.
- The investigators will meet with the witnesses identified by the Complainant and Respondent to the extent necessary for the investigators to conduct a fair and impartial investigation. The investigators may also call upon additional necessary witnesses that are identified through the course of the investigation.
- The investigators will review the evidence gathered throughout the course of the investigation process.
- The investigators will update the Complainant and Respondent about the status of the case throughout the course of the investigation.

## Student Rights during a Title IX Investigation:

- To receive a prompt, fair and impartial investigation.
- To receive information and ask questions pertaining to the Title IX Investigation process.
- To have an Adviser present during all meetings.
- To be informed of and have access to campus services, including confidential resources.

## Disciplinary Process:

- If the investigators determine that it is more likely than not that a violation of the University's *Institutional Rules* has occurred, the case will be referred to a Student Conduct Hearing Administrator who will be responsible for conducting the disciplinary process.
- The Hearing Administrator will meet with the Complainant and the Respondent to review case information and discuss next steps.

EXHIBIT
2

**Student Privacy:**
- Information received by Title IX and shared with a student will be handled in accordance with the regulations established by the Family Educational Rights and Privacy Act (FERPA), which can be found at http://registrar.utexas.edu/staff/ferpa, and the Department of Education's Family Policy Compliance Office.

**Campus Carry Policy:**
- The entire Student Services Building is excluded from the concealed carry of handguns.

*I acknowledge that I have read, reviewed and received notice of my rights and responsibilities as part of the Title IX investigation process at the University of Texas at Austin. I also understand that my signature does not presume responsibility of a violation of the Institutional Rules on Student Services and Activities.*

_____          _____          _____
Student Name                                    Student Signature                              Date


_____          _____          _____
Staff Member Name                           Staff Member Signature                    Date

# Role of an Adviser in the Title IX Investigation Process

Any student who is involved in the investigation of an alleged violation of the *Institutional Rules on Student Services and Activities (Institutional Rules)* has the right to have an individual accompany them to a meeting with Title IX Training and Investigations (Investigations). This person serves as an Adviser.

It is important that students electing to have an adviser present at meetings understand the role that the adviser has in the process. The following are important things to know:

- **An adviser is as a single individual that the student chooses to accompany them to meetings with Title IX.** This individual can be a friend, parent, family member, attorney, or any other person the student chooses.

- **The student will need to sign an *Authorization and Release* form for the adviser to be present at any meeting.** The form allows staff to speak freely about the student's case when the adviser is present. The student can revoke the release form in writing if they choose to no longer have the individual serve as their adviser or have access to their disciplinary matter.

- **The adviser serves as a support person for the student, but cannot advocate for the student at a meeting.** The student is solely responsible for presenting their case and speaking with Title IX directly regarding their case.

- **Although the adviser cannot speak for the student, the adviser can ask questions they may have about the investigation process.** Title IX staff working with the student will attempt to answer any questions the adviser may have as appropriate.

- **If the adviser is directly related to the case or if their presence poses a conflict of interest, Title IX staff may dismiss the adviser from a meeting.** The adviser cannot be another student involved in the same referral either as an accused student, witness, or other person involved.

- **Advisers may be dismissed from any proceedings if they disrupt the process.** A goal of Title IX is to be educational in all aspects of the investigation process. When an adviser impedes the process by being disruptive, it takes this away from the student's experience.

- **The student can choose to change their adviser.** Because the adviser serves to assist the student through the process, the student can choose to change their adviser, or choose to proceed without an adviser in the process.

- **If the student's adviser is an attorney, then Title IX may also be accompanied by an attorney.**

The role of the adviser does not change during meetings with Student Conduct and Academic Integrity or in a hearing, if, at the outcome of the investigation, a student is found in violation of the *Institutional Rules* and the case moves forward to the discipline process.

If you have any questions regarding the role of an adviser or the Title IX investigation process, please call Title IX at 512-471-5017.

EXHIBIT
3

THE UNIVERSITY OF TEXAS AT AUSTIN


# INSTITUTIONAL RULES
# ON STUDENT SERVICES AND ACTIVITIES
# AND
# INFORMATION ON
# STUDENTS' RIGHTS AND RESPONSIBILITIES

Reprinted from *General Information*
http://catalog.utexas.edu/general-information/appendices



EXHIBIT

4

academic violation or violations during this time could result in the student's suspension or expulsion. The dean of students, the hearing officer or a majority of the SCB panel may impose conditions related to the offense, such as reporting to the dean of students on a regular basis, counseling, or educational seminars. Failure to meet the condition(s) will be considered an additional violation.

f. "Restitution" is reimbursement for damage to or misappropriation of University property. Reimbursement may take the form of appropriate service to repair or otherwise compensate for damages. Other than in extraordinary circumstances deemed necessary by the dean of students, the University will not facilitate restitution between individuals for conduct-related occurrences.

g. Suspension of rights and privileges is an elastic sanction. The dean of students or the hearing officer may impose limitations to fit the particular case, as in the suspension of rights and privileges to enter or reside in University housing facilities. Suspension of eligibility for official athletic and nonathletic extracurricular activities prohibits the student on whom it is imposed, during the period of suspension, from joining a registered student organization; from taking part in a registered student organization's activities or attending its meetings or functions; and from participating in an official athletic or nonathletic extracurricular activity.

h. A failing grade or other academic sanction may be assigned to a student for a class in which he or she is found to have violated the University's regulations regarding academic dishonesty.

i. A student found to have violated the University's regulations regarding academic dishonesty may be denied his or her degree. If the disciplinary process under this chapter is initiated while the accused student is completing required work for a degree but will not be resolved until after the completion of all required work for a degree, the accused student may be denied his or her degree until the completion of the disciplinary process.

j. Deferred suspension permits the sanction of suspension to be deferred for a student for who there are mitigating circumstances as determined by the dean of students, the hearing officer or a majority of the SCB panel. If a student is found to have violated any rule of the University or The University of Texas System while the sanction of deferred suspension is in effect, the sanction for such a violation will be immediate suspension except in extraordinary circumstances as deemed appropriate by the dean of students. The dean of students, the hearing officer, or a majority of the SCB panel may impose conditions related to the offense, and failure to meet such conditions will be considered an additional violation.

k. Suspension from the University prohibits the student on whom it is imposed, during the period of suspension, from entering the University campus without prior written approval of the vice president for student affairs, from being initiated into an honorary or service organization, and from receiving credit for academic work done during the period of the suspension. Suspension is noted on the official transcript during the term of suspension and shall remain until all conditions of the suspension are met. The notation can be removed upon the request of the student but only after the student's successful completion of the terms of the suspension. Suspension may also prohibit the student from being admitted to, enrolling at, or entering the campus of another component institution of The University of Texas System without prior written approval of the chief student affairs officer of the institution at which the student wishes to be present. The dean of students, the student's home department or school and/or the Office of the Registrar may, however, permit the student to receive credit for academic work completed at another institution during the period of suspension, except in cases where suspension is imposed for academic dishonesty. The dean of students, the hearing officer or a majority of the SCB panel may impose additional conditions or sanctions related to the alleged offense, and failure to meet such conditions or terms of the sanction will be considered an additional violation. Suspension from the institution and/or suspension of rights and privileges is the minimum sanction that will be assessed for violation of the rules against illegal use, possession, and/or sale of a drug or narcotic on campus.

l. Expulsion is a permanent separation from the University and prohibits the student on whom it is imposed from entering the University campus without prior written approval of the vice president for student affairs. Expulsion may prohibit the student from being admitted to, enrolling at, or entering the campus of another component institution of The University of Texas System without prior written approval of the chief student affairs officer of the institution at which the student wishes to be present. A permanent notation of expulsion will also be placed on the student's official transcript.

m. Revocation of the degree and withdrawal of the diploma may be imposed when the violation involves academic dishonesty or otherwise calls into question the integrity of the work required for the degree.

n. Other sanctions may be imposed when, in the opinion of the dean of students, the hearing officer or a majority of the SCB panel, the best interests of The University of Texas System or the University would be served.

## Subchapter 11–800. Appeal

### Sec. 11–801. Right to Appeal

a. The accused student may appeal a sanction assessed by a faculty member under subsection 11–505(c) to the president.

b. The accused student may appeal an administrative disposition by the dean of students under subsection 11-504(b) to the president or his or her designee.

c. The accused student may appeal a sanction assessed by the dean of students under subsection 11–504(c), 11–505(b), 11–505(c)(1) or 11–505(d) to the president.

d. Either the dean of students or the accused student may appeal a disciplinary decision issued by a hearing officer or a panel of the SCB under section 11–609 to the president.

e. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the dean of students office shall consult with the Title IX coordinator and, if applicable, the complainant before deciding whether or not to appeal the hearing officer's decision. In these cases, the complainant has the same, independent right to appeal the hearing officer's decision as does the accused student.

### Sec. 11–802. Appeal of Academic Sanctions Assessed by a Faculty Member

a. The accused student may appeal the sanction or sanctions assessed by a faculty member under subsection 11–505(c)(1) by submitting a written appeal to the president within fourteen days from the date on which the student signed the disciplinary decision. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument.

b. The appeal is restricted to the assessed sanction or sanctions.

c. The student must provide a copy of the written appeal to the dean of students on the same date the appeal is submitted to the president.

d. The dean of students may submit to the president a written response to the appeal and a copy of the disciplinary decision. These documents, if submitted, must be submitted no later than ten days after the president received the appeal. Appeals submitted after 5:00 pm will be received the next weekday. The dean of students must provide a copy of the documents to the accused student. The dean of students' submission of a response to the appeal will not extend the thirty-day period within which the action of the president will be communicated as outlined in subsection 11–802(f).

e. The appeal of the sanction or sanctions assessed by the faculty member will be reviewed solely on the basis of the disciplinary decision, the written argument of the student, and the response to the appeal submitted by the dean of students. Oral argument will not be considered.

f. The action of the president will be communicated in writing to the accused student and the dean of students within thirty days after the appeal has been received by the president. The decision of the president will be final.

## Sec. 11–803. Appeal of Administrative Disposition by the Dean of Students

a. An administrative disposition by the dean of students under subsection 11-504(a) is final and is not appealable.

b. The accused student may appeal an administrative disposition by the dean of students under section 11–504(b) by submitting a written appeal to the president or his or her designee within fourteen days from the date on which the student signed the disciplinary decision issued by the dean of students. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument.

c. The accused student may appeal only the sanction or sanctions assessed under subsection 11–504(c) or 11–505(d) by submitting a written appeal to the president within fourteen days from the date on which the student signed the disciplinary decision issued by the dean of students or received notice of an additional sanction. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument. The appeal is restricted to the assessed sanction or sanctions.

d. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may also appeal the sanctions assessed under 11-504(c) by submitting a written appeal to the president within fourteen days from the date on which the accused student signed the disciplinary decision issued by the dean of students or received notice of an additional sanction. Appeals submitted after 5:00 pm will be received the next weekday. The written appeal must state the specific reasons for the appeal and must include any related argument. The appeal is restricted to the assessed sanction or sanctions.

e. The accused student must provide a copy of the written appeal to the dean of students on the same date the appeal is submitted to the president or his or her designee. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, upon receipt of the accused student's written appeal, the dean of students office shall provide a copy of the written appeal to the Title IX coordinator and, if applicable, the complainant.

f. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may submit a written response to the appeal to the president or his or her designee. The response, if any, must be submitted no later than five weekdays after the president received the appeal. The Office of the President will provide a copy of the response to the accused student.

g. The dean of students may also submit a written response to the appeal to the president or his or her designee. The response, if any, must be submitted no later than ten days after the president received the appeal. The dean of students must provide a copy of the response to the accused student. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall provide a copy to the Title IX coordinator and, if applicable, the complainant, of the written response to the appeal that is submitted to the president. The dean of students' submission of a response to the appeal will not extend the thirty-day period within which the action of the president will be communicated as outlined in subsection 11–803(i).

h. The appeal of the sanction or sanctions assessed by the dean of students will be reviewed solely on the basis of the disciplinary decision, the written argument of the student, and the response to the appeal submitted by the dean of students. Oral argument will not be considered.

i. The action of the president or his or her designee will be communicated in writing to the accused student and the dean of students within thirty days after the appeal has been received by the president. The decision of the president or his or her designee will be final. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, upon receipt of the president's written decision, the dean of students shall promptly provide a copy of the decision to the Title IX coordinator and, if applicable, the complainant.

## Sec. 11–804. Appeal of the Decision of the Hearing Officer or the Student Conduct Board

a. Either the accused student or the dean of students may appeal the disciplinary decision of the hearing officer or a majority of the SCB panel issued under section 11–609 by submitting a written appeal to the president within fourteen days from the date the appealing party was notified of the disciplinary decision. Appeals submitted after 5:00 pm will be received the next weekday. If notice of the disciplinary decision is sent by mail, the date the disciplinary decision is mailed initiates the fourteen-day period. The written appeal must state the specific reasons for the appeal and must include any related argument. If either party appeals the disciplinary decision, the president may request that the hearing recording be transcribed; the transcript will be made available to both parties. If a court reporter was present during the hearing and prepares a written transcript immediately thereafter, the transcript is considered part of the hearing record and is made available to both parties.

b. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the complainant may also appeal the disciplinary decision of the hearing officer issued under section 11–609 by submitting a written appeal to the president within fourteen days from the date the appealing party was notified of the disciplinary decision. Appeals submitted after 5:00 pm will be received the next weekday. If notice of the disciplinary decision is sent by mail, the date the

disciplinary decision is mailed initiates the fourteen-day period. The written appeal must state the specific reasons for the appeal and must include any related argument. If either party appeals the disciplinary decision, the president may request that the hearing recording be transcribed; the transcript will be made available to both parties. If a court reporter was present during the hearing and prepares a written transcript immediately thereafter, the transcript is considered part of the hearing record and is made available to both parties.

c. If the accused student is the appellant, the student must provide the dean of students with a copy of the appeal submitted to the president on the same date the appeal is submitted to the president. If the dean of students is the appellant, the dean of students will give, e-mail, or mail a copy of the appeal to the accused student on the same day that the dean of students submits the appeal to the president. If the copy of the appeal is mailed or e-mailed, the dean of students will send it to an address listed in the registrar's records. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall provide a copy of an appeal submitted by either the accused student, the complainant or the dean of students to the Title IX coordinator and, if applicable, the accused student and the complainant.

d. Following submission of the appeal to the president, the non-appealing party may submit a written response to the president. The response, if any, must be submitted no later than ten days after the president received the appeal. The non-appealing party must provide a copy of the response to the other party. The response must be limited to and specifically related to the arguments originally submitted by the appealing party. New or additional information not specifically related to the original arguments submitted will not be considered on appeal. Submission of a response to the appeal will not extend the thirty-day period within which the action of the president will be communicated as outlined in subsection 11–804(h).

e. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, the dean of students shall provide a copy of a written response to an appeal submitted by either the accused student, the complainant or the dean of students to the Title IX coordinator and, if applicable, the accused student and the complainant.

f. At the discretion of the president, both parties may present oral argument in an appeal of the disciplinary decision of the hearing officer or a majority of the SCB panel. Should oral argument be granted, the deadline described in subsection 11–804(h) may be extended at the discretion of the president. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, the Title IX coordinator and, if applicable, the complainant shall be allowed to attend the presentation of oral argument to the president.

g. The appeal of the disciplinary decision of the hearing officer or a majority of the SCB panel will be reviewed solely on the basis of the hearing record. The dean of students will submit the record from the hearing to the president as soon as it is available to the dean of students.

h. The action of the president will be communicated in writing to the accused student and the dean of students within thirty days after the appeal has been received by the president. The decision of the president will be final. In cases involving allegations of sex discrimination, sexual harassment, sexual assault, sexual misconduct, domestic violence, dating violence, stalking, or other Title IX related allegations, subject to the Family Education Rights and Privacy Act (FERPA) and other applicable law, upon receipt of the president's written decision, the dean of students shall provide a copy of the decision to the Title IX coordinator and, if applicable, the complainant.

### Sec. 11–805. President's Authority
The president may approve, reject, or modify the disciplinary decision or sanction(s) in question or may require that the original hearing be reopened for the presentation of additional evidence and reconsideration of the disciplinary decision. It is provided, however, that upon a finding of responsibility in a case involving the illegal use, possession, and/or sale of a drug or narcotic on campus, the sanction is prescribed by subsection 11–703(j).

### Sec. 11–806. Effect of Appeal Upon Disciplinary Action
A timely appeal suspends the imposition of the sanction or sanctions until the appeal is final, but any interim action issued in accordance with 11–502 will remain in effect while the appeal is being considered. Official transcripts, diplomas, grades, or degrees may also be withheld pending conclusion of the appeal as permitted by subsection 11–703(a).

## Subchapter 11–900. Disciplinary Records
### Sec. 11–901. Details of Disciplinary Records

a. The definition of a disciplinary record is listed in subchapter 9-300 and Section 11-300(g). Disciplinary records are confidential and may not be disclosed in whole or part except as provided in subchapter 9–300 of the *Institutional Rules*.

b. The disciplinary record will be separate from the student's academic record, will be confidential, and will not be revealed except on request of the student or in accordance with applicable state and federal law, or as otherwise provided in subchapter 9-300.

### Sec. 11–902. Notice to Administrative Offices

a. The dean of students will notify the Office of the Registrar and other appropriate administrative offices if a disciplinary sanction restricts a student from being enrolled at the University during the period of the sanction. A bar may be imposed by the dean of students if one of the following sanctions has been assessed because of violation of a Regents' *Rule* or University rule or regulation:
   1. bar against readmission;
   2. suspension from the University; or
   3. expulsion from the University.

b. The dean of students will notify the Office of the Registrar and other appropriate administrative offices if any of the sanctions of withholding grades, withholding official transcript or degree, denial of degree, or revocation of degree and withdrawal of diploma are imposed.